**PHILADELPHIA FLEA MARKET AND
BAZAAR CORPORATION**

v.

**PHILADELPHIA PORT CORPORATION
and City of Philadelphia.**

Civ. A. No. 79–3084.

United States District Court,
E. D. Pennsylvania.

July 2, 1980.

Harold Levy, Samuel J. Hecht, Philadelphia, Pa., for plaintiff.

Barbara Axelrod, Asst. City Sol., Philadelphia, Pa., for City of Philadelphia.

Tyson W. Coughlin, Philadelphia, Pa., for Philadelphia Port Authority.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

On August 22, 1979, the Philadelphia Flea Market and Bazaar Corporation (Flea Market), a Nevada corporation, filed an action against the Philadelphia Port Corporation (Port Corp.) and the City of Philadelphia for breach of contract. The complaint contends that the defendants, the Port Corp. and the City of Philadelphia, breached an oral contract in the lease of Pier 3 North in that they falsely warranted that the Pier contained a fire sprinkler system, as a result of such false warranty and defendants' failure to comply with the fire code of the City of Philadelphia, plaintiff was denied the right to occupy the said premises. The defendant Port Corp. filed an answer alleging that this Court lacks jurisdiction because of the lack of diversity. The City of Philadelphia was subsequently dismissed from the litigation by order of the Court. The defendant Port Corp. filed a motion to dismiss pursuant to Rule 12(b)(1), and for summary judgment under Rule 56(b) of the Federal Rules of Civil Procedure. Defendant alleges: (1) As of the date the complaint was filed the plaintiff was not incorporated in a State other than Pennsylvania as required by 28 U.S.C. § 1332(a); (2) The principal place of the business of the plaintiff was at the time of filing of the complaint in Philadelphia, meriting dismissal under 28 U.S.C. § 1332(c); and (3) The incorporation in Nevada was an improper attempt to manufacture diversity jurisdiction, which is prohibited by 28 U.S.C. § 1359. The plaintiff answered the motion to dismiss on February 4, 1980, without supplying supporting affidavits as to plaintiff's domicile. Defendant has repeatedly requested certificates of incorporation or similar proof of corporate existence from plaintiff, which requests have gone unanswered. Repeated telephone calls from this Court requesting supporting documentation for plaintiff's claim have also gone unan-

swered. The omission of supporting documentation as to incorporation is fatal to plaintiff's case.

Plaintiff has failed to proceed with proving his claim. This Court will hold an evidentiary hearing so that the parties may introduce evidence as to jurisdiction.