## PHILADELPHIA FLEA MARKET AND BAZAAR CORPORATION

v.

## PHILADELPHIA PORT CORPORATION and City of Philadelphia.

### Civ. A. No. 79-3084.

United States District Court, E. D. Pennsylvania.

July 18, 1980.

Harold Levy, Samuel J. Hecht, Philadelphia, Pa., for plaintiff.

Barbara Axelrod, Asst. City Sol., Philadelphia, Pa., for City of Philadelphia.

Tyson W. Coughlin, Philadelphia, Pa., for Philadelphia Port Authority.

### MEMORANDUM OPINION

WEINER, District Judge.

This is a case for alleged breach of an oral contract in which jurisdiction is asserted to be based on diversity of citizenship. Defendant has filed a motion to dismiss, contending that diversity is lacking. As a result of plaintiff's attorneys' failure to proceed with the prosecution of this suit, repeated failure to cooperate with this court, and failure to appear for a scheduled hearing, this suit will be dismissed with prejudice.

Plaintiff's complaint was filed on August 22, 1979, by its attorney, Harold Levy. On November 29, 1979, Samuel Hecht, Esq. entered an appearance as co-counsel for plaintiff by filing his entry of appearance with the clerk's office. In a letter dated November 29, 1979, addressed to Michael Kunz, Clerk of the United States District Court, Mr. Levy stated that he had "no knowledge of any party being appointed or

authorized by me to join as co–counsel in this case wherein I am listed as counsel for the plaintiff". Since Mr. Hecht's entry of appearance, nothing further has been heard from him by this court, nor has there been any withdrawal from this case by Mr. Levy. All papers filed on plaintiff's behalf have been submitted by Mr. Levy. This court has attempted, with little success, to reach both Mr. Levy and Mr. Hecht by telephone in order to secure their cooperation in this case.

Unfortunately, however, there has been a total lack of cooperation with this court on the part of Mr. Levy and Mr. Hecht, as well as a total failure on their part to proceed with the prosecution of this suit.

In our opinion and order of July 2, 1980, 88 F.R.D. 116, this court noted that plaintiff had failed to comply with the defendant's repeated requests for certifications of incorporation or similar proof of corporate existence. Moreover, repeated telephone calls from this court to Mr. Levy requesting supporting documentation had also gone unanswered. We concluded at that time that the omission of supporting documentation was fatal to plaintiff's case.

Despite our strong predilection to dismiss the case at that time, we ordered that an evidentiary hearing be held so that the parties might introduce evidence as to jurisdiction. We did not dismiss at that time because of our desire to avoid so harsh a result without even an opportunity to consider the procedural merits of plaintiff's invocation of the Court's diversity jurisdiction.

A hearing was ordered for Thursday, July 17, 1980, at 9:30 a. m. in Courtroom 6B. Our order stated that "[f]ailure to appear or present evidence on that date will result in dismissal of the action". Copies of the Opinion and Order were sent to both Mr. Levy and Mr. Hecht. Both attorneys failed to appear at the July 17, 1980 hearing. Furthermore, neither attorney contacted this Court to inform us that he would not appear at the scheduled hearing. They simply ignored our order.

After Mr. Levy's failure to appear at the hearing and the Court receiving no response of any type, the U. S. Marshal was ordered to obtain his appearance. It was then that Mr. Levy called from the State of Delaware and informed the Court that he was no longer plaintiff's counsel in this case even though his appearance had never been withdrawn, and that plaintiff was not represented by Mr. Hecht. It is apparent that plaintiff's attorneys are themselves confused as to which of them represents the plaintiff. It will therefore come as little surprise to Mr. Levy and Mr. Hecht to learn that we too are baffled by their actions and statements. This Court cannot tolerate their failure to prosecute this case and their failure to comply with this Court's order. Under the circumstances, we shall dismiss this action with prejudice.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30, 82 S.Ct. at 1388.

Rule 41(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him . . . . Unless the court in its order for dismissal otherwise specified, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Rule 41(b) does not restrict the power of the Court to dismiss for failure to prosecute or to comply with the Federal Rules to those instances in which the defendant has filed a motion to that effect. "The authority of a court to dismiss *sua*

*sponte* for lack of prosecution has generally been considered an 'inherent power', governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad Co.*, 370 U.S. at 630–31, 82 S.Ct. at 1388–89 (footnote omitted).

Such dismissal may be made by a District Court "even without affording notice of its intention to do so or providing an adversary hearing before acting." *Id.* at 633, 82 S.Ct. at 1390. Dismissal is within the discretion of the District Court. *Id.*

■ It is indeed regrettable that this Court finds itself compelled to dismiss this action, for such action may have the effect of "unduly penalizing a litigant for the dereliction of errant counsel." *Kushner v. Winterthur Swiss Insurance Co.*, 620 F.2d 404 at 407 (3d Cir., 1980). "An aggrieved party in a civil case, involving only private litigants unlike a defendant in a criminal case, does not have a constitutional right to effective assistance of counsel." *Id.* at 408. Nevertheless, all litigants in civil proceedings ought to be able to rely on competent, dedicated, and diligent representation from their counsel.