Donna **BROOKS**, a/k/a Donna Mariano, Appellant.

v.

**Don A. FITCH**, County and Prosecuting Attorney for the County of Dakota, State of Nebraska; Don A. Fitch, in his own right; the County of Dakota, State of Nebraska; and the State of Nebraska

**No. 80–2205.**

United States Court of Appeals, Third Circuit.

Argued Feb. 12, 1981.
Decided Feb. 23, 1981.

Hersh Kozlov, Cherry Hill, N.J., for appellant.

John A. Fratto, Bleakly, Stockwell & Zink, Camden, N.J., for appellee Don A. Fitch in His Own Right.

F. Herbert Owens, III, Montano, Summers, Mullen & Manuel, Cherry Hill, N.J., for appellees Fitch, State of Neb. and County of Dakota.

Before ALDISERT and HIGGINBOTHAM, Circuit Judges, and TEITELBAUM, District Judge.*

### OPINION OF THE COURT

ALDISERT, Circuit Judge.

Adverse summary judgment having been rendered against plaintiff on claims assert-

ed under 42 U.S.C. § 1983 against a lawyer in his official capacity as district attorney and several governmental entities, she has lodged an appeal in this court. The record indicates that the district court has yet to consider claims bottomed on 42 U.S.C. § 1985 and a claim against the lawyer in his individual capacity. No direction for entry of final judgment has been made in accordance with Rule 54(b), Federal Rules of Civil Procedure.[1] The major question for decision is whether proper jurisdiction lies in this court. We hold that it does not and will dismiss the appeal.

Appellant Donna Brooks (a. k. a. Mariano) worked as a legal secretary in the private law office of Don A. Fitch, who also served as County and Prosecuting Attorney for Dakota County, Nebraska. Fitch co-signed a note for appellant's car loan. Thereafter, appellant moved to New Jersey and took the car with her. Fitch initiated two separate criminal prosecutions against Brooks, for removing the car from Dakota County in violation of a Nebraska statute and for embezzling $3,700 from Fitch's law office. He twice attempted to have her extradited to answer the charges, but both applications were rejected by New Jersey authorities. Brooks then filed suit in the district court seeking damages under 42 U.S.C. §§ 1983 and 1985 from Fitch, officially and individually, from Dakota County, and from the State of Nebraska.

By an order dated September 18, 1980, which followed a letter opinion dated June 24, 1980, the district court granted "summary judgment as to the claims arising under 42 U.S.C. Section 1983" to Fitch in his offi-

---

* Honorable Hubert I. Teitelbaum of the United States District Court for the Western District of Pennsylvania, sitting by designation.

1. Rule 54(b) provides:

   Judgment upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that

   there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

cial capacity, to Dakota County, and to Nebraska. App. at 45. The order does not purport to dispose of the claim against Fitch as an individual, nor does it deal with the § 1985 claim. Similarly, Judge Thompson's letter opinion of June 24, 1980, clearly recognizes that § 1985 claims and claims against Fitch as an individual were asserted, but it does not deal with those claims. *See* op. at 2, 3, 5, *reprinted in* App. at 41, 42, 44.

Neither brief states any basis for appellate jurisdiction, in violation of Third Circuit Rules 21(1)(A) and (B), and we are unable to perceive any legal basis for this court to hear the appeal. The appeal was taken from an interlocutory order, a partial summary judgment. The district court did not enter a partial final judgment pursuant to Fed.R.Civ.P. 54(b). Therefore, the appeal must be dismissed. *See* 28 U.S.C. § 1291.

In addition to the delay suffered by the litigants and the unnecessary dissipation of appellate court energy occasioned by this untimely appeal, we note that counsel for both appellant and appellees have violated several provisions of the Federal Rules of Appellate Procedure and the Rules of this court. Most serious in the circumstances of this case is the failure to state the basis for appellate jurisdiction, in violation of Third Circuit Rule 21(1). In addition, the Appendix does not contain either the notice of appeal or the relevant docket entries in the proceeding below, in violation of F.R.A.P. 30(a) and Third Circuit Rule 10(3), and was not firmly bound at the left margin as required by Third Circuit Rule 21(2)A(b). Finally, neither brief states the standard or scope of review, a violation of Third Circuit Rules 21(1)(A) and (B). These defaults alone justify dismissal of the appeal. *See Kushner v. Winterthur Swiss Insurance Co.*, 620 F.2d 404, 407 (3d Cir. 1980).

Neither counsel is blameless in this matter. A timely motion to dismiss would have brought this appeal before a motions panel of this court, which could have given the case the appropriate summary consideration prior to briefing. The obligations of the cited Federal and Third Circuit Rules apply generally to both sides. Therefore, counsel for each party will bear personally costs on appeal. *Kushner*, 620 F.2d at 409; Third Circuit Rule 21(3).

The appeal will be dismissed for the two separate reasons heretofore set forth.