## DELAWARE VALLEY FACTORS, INC.

v.

## COMA EXPORT, INC., et al.

Civ. A. No. 78–0759.

United States District Court,
E. D. Pennsylvania.

March 15, 1982.

Edward Cohen, Philadelphia, Pa., for plaintiff.

Fred J. Halsey, New York City, for defendants.

Donald A. Scott, Morgan, Lewis & Bockius, Philadelphia, Pa., for third-party defendant Bank of America.

Victor A. Young, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for third-party defendant Continental Bank.

1. The earlier Memorandum and Order, 530 F.Supp. 180 (E.D.Pa.1982), describes the underlying facts and parties in greater detail.

"The parties' alignment can be summarized as follows:

LENDER
v.
SELLER and GUARANTORS
v.

MEMORANDUM

GILES, District Judge.

This memorandum is prompted by defendants' change of counsel and the spate of appeals following grant of partial summary judgment. Parties sometimes misinterpret the effect of such appeals on the district court's jurisdiction. Likewise, rather than wait for a problem to develop, it is far better immediately to remove any possible misunderstanding of how the appeals will be treated. They will be ignored by this court.

This complicated case has included as parties: a plaintiff; four defendants, all of which are third-party plaintiffs; three third-party defendants, two of which are fourth-party plaintiffs; and a fourth-party defendant.[1] On January 19, 1982, I issued a Memorandum and Order granting summary judgment as to some claims and some parties. On the claim between the plaintiff and original defendants, I granted summary judgment in favor of plaintiff and against the original defendants. Order 530 F.Supp. 180, 185, ¶ 1 (E.D.Pa.1982). I also vacated default judgments which had been entered against the fourth-party defendant, and dismissed that party for lack of personal jurisdiction. *Id.* ¶ 2. Finally, I set a pretrial schedule for the remaining claims and parties. *Id.* at 185–86.

The order plainly lacks the "express determination that there is no just reason for delay," Fed.R.Civ.Pro. 54(b), needed to make the judgment final.[2] Absent rule 54(b) certification, the order is plainly interlocutory and non-appealable. *See, e.g., Brooks v. Fitch*, 642 F.2d 46, 47–48 (3d Cir. 1981).

SELLER'S BANK, CONFIRMING BANK,
and FORWARDER
v.
ISSUER."
*Id.* at 182 n.8.

2. Indeed, no party has ever asked for such certification. Accordingly, I express no opinion whether Rule 54(b) certification would be proper.

On February 18th, the original defendants appealed. On March 3rd, one third-party defendant appealed the judgment against defendant. On March 4th another third-party defendant appealed.[3] The general rule is "that a notice of appeal naming an order that is not appealable can be ignored by the district court."[4] I shall ignore the appeals.

Although I need give no additional reason for doing so, it is especially appropriate to retain jurisdiction and insist on prompt prosecution of this action. It is one of the oldest on my docket, and has already been through two other judges. Further delay will harm the plaintiff, by postponing the finality of the judgment. Further delay also may impair the ability of the other parties to present their cases at trial. I have already delayed this action at defendants' request, *see* 530 F.Supp. at 182 n.9. Finally, I set a final pretrial schedule and I have already warned the parties that failure to comply may result in dismissal for lack of prosecution. *Id.* at 185, 186, ¶¶ 4, 6.[5]

The prosecution of this action has been thrown in doubt by the appeals, and by defendants' second change of counsel. The third counsel, who noticed the appeal, is neither a member of the bar of this court nor maintains an office in this district. *See* E.D.Pa.R.Civ.Pro. 13. New counsel was notified of this rule on February 24th, but has not yet complied. Accordingly, I shall maintain the pretrial schedule, and require defendants' new counsel promptly to comply with rule 13, and to affirm expressly defendants' intention to prosecute the third-party action.

### ORDER

AND NOW, this 15th day of March, 1982, it is hereby ORDERED that:

1. Within fifteen days after entry of this order, defendants, through counsel of record, shall file of record a statement indicating that each will prosecute promptly its claims against other parties.

2. Within fifteen days after entry of this order, counsel for defendants shall comply with E.D.Pa.R.Civ.Pro. 13(a) by securing the appearance, of record, of associate counsel who is a member of the bar of this court and who maintains an office in this Commonwealth for the regular practice of law.

3. Failure to comply may result in dismissal for lack of prosecution.

---

**3.** Neither of the third-party defendants/fourth-party plaintiffs appealed the portion of the order dismissing the fourth-party defendant. Thus, the question arises whether they even have standing to appeal judgment against another party. *See, e.g., Bryant v. Technical Research Co.*, 654 F.2d 1337, 1343 (9th Cir. 1981); *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 511–12 (9th Cir. 1978).

**4.** 9 J. Moore, B. Ward, & J. D. Lucas, *Moore's Federal Practice* ¶ 203.11, at 3051, 3–44 to –47 (2d ed. 1980) [hereinafter cited as *Moore's*]; *see United States v. Leppo*, 634 F.2d 101, 104–05 (3d Cir. 1980); *Plant Economy, Inc. v. Mirror Insulation Co.*, 308 F.2d 275, 277 n.7 (3d Cir. 1962); *Goldstein v. Korman Corp.*, No. 78–3858, slip op. at 1 (E.D.Pa. Jan. 8, 1982); *Moore's, supra,* ¶ 203.11, at 3–51 to –52. *But see id.* at 3–52 to –54; *see also Distributive Workers Union v. McKague*, 216 F.2d 153, 155 (3d Cir. 1954) (once party appealed prematurely, district court could not certify appeal because it "was without jurisdiction to enter any order which would affect the status of the appeal").

**5.** Defendants have recorded their intention to prosecute and comply with that order. Letter of Robert H. Malis to Judge Giles (January 29, 1982).