**SPARTACUS, INC., a Pennsylvania Corporation, Marcia Lynn Poslik, Maureen Bottles, Patricia Ann Herd, April Mancini, Regina Golden, Sandra Blake and Janet Iverson, and Jane Does**

v.

**BOROUGH OF McKEES ROCKS, a Municipal Corporation, Thomas Connolly, Mayor of the Borough of McKees Rocks and individually, Ronald Panyko, Donald Panyko, Lou White and John Does, police officers of the Borough of McKees Rocks and as individuals, Spartacus, Inc., Appellant.**

No. 82–5312.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Oct. 26, 1982.

Decided Dec. 10, 1982.

---

Rochelle S. Friedman, Pittsburgh, Pa., for appellant.

Samuel J. Pasquarelli, Jubelirer, Pass & Intrieri, P.C., Pittsburgh, Pa., for appellee.

Before ADAMS, HUNTER and GARTH, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

Appellants are Spartacus, Inc., a corporation doing business in the Borough of McKees Rocks, Pennsylvania, and the individuals who work at Spartacus. Appellees are the Borough, its mayor, and some of its police officers. Borough Ordinance No. 1343 requires that health clubs and massage technicians must obtain licenses. Failure to obtain a license is a summary offense carrying a fine of up to $300 or, if the fine goes unpaid, thirty days imprisonment. After Borough police had repeatedly inspected the premises of Spartacus and issued citations to appellants for failing to obtain the required licenses,[1] appellants brought suit against appellees in the United States District Court for the Western District of Pennsylvania. Appellants claimed that, because the ordinance either did not apply to them or was vague, the frequent issuance of citations violated their rights under the first, fourth, fifth, and fourteenth amendments to the United States Constitution. Pursuant to 42 U.S.C. § 1983 (1976), appellants sought declaratory relief, damages, and also temporary and permanent injunctions against the enforcement of the ordinance.[2]

1. Appellants have since been convicted upon the citations before a magistrate. In a trial de novo, the Court of Common Pleas of Allegheny County, Pennsylvania, reversed the convictions of the individual appellants and affirmed the convictions of Spartacus, Inc. The appeal of Spartacus is still pending.

2. Appellants also have filed a Complaint in Equity in the Court of Common Pleas of Alle-

gheny County seeking an injunction against further enforcement of the ordinance. That complaint was dismissed and the proceeding is no longer pending. Appellees contended below that the proceedings in the court of common pleas constituted the final adjudication of the issues now before us. Because appellees do not renew that contention on appeal, we do not address it.

Appellants moved for the issuance of a preliminary injunction. On April 12, 1982, the district court issued an order denying the motion. In its oral opinion the court found that the ordinance did apply to appellants, was not vague, and did not violate appellants' constitutional rights. The court also found that appellants had failed to demonstrate irreparable harm "in the equitable sense" because they had failed to apply for licenses. App. at 195.[3] Appellants then filed this appeal.[4]

An appellant challenging the denial of a preliminary injunction "bears a heavy burden." *Chesimard v. Mulcahy,* 570 F.2d 1184, 1187 (3d Cir.1978) (citations omitted). As we stated in *Kershner v. Mazurkiewicz,* 670 F.2d 440 (3d Cir.1982) (en banc):

> A preliminary injunction is not granted as a matter of right. *Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc.,* 630 F.2d 120, 136 (3d Cir.), *cert. denied,* 449 U.S. 1014, 101 S.Ct. 573, 66 L.Ed.2d 473 (1980). It may be granted, however, if the moving party demonstrates both a reasonable probability of eventual success in the litigation and that the party "will be irreparably injured *pendente lite* if relief is not granted." *Id.* at 136; *Kennecott Corp. v. Smith,* 637 F.2d 181, 187 (3d Cir.1980). The trial court may also consider the possibility of harm to other interested persons from the grant or denial of the injunction, as well as harm to the public interest. *Eli Lilly & Co.,* 630 F.2d at 136. The grant or denial of a preliminary injunction is committed to the sound discretion of the district judge, who must balance all of these factors in making a decision. *Penn Galvanizing Co. v. Lukens Steel Co.,* 468 F.2d 1021, 1023 (3d Cir. 1972). Consequently, the scope of appellate review of a trial court's ruling is narrow. Unless the trial court abused its discretion, or committed an error in applying the law, we must take the judgment of the trial court as presumptively correct. *Continental Group, Inc. v. Amoco Chemicals Corp.,* 614 F.2d 351, 357 (3d Cir.1980).

*Id.* at 443.

In this appeal appellants raise only two issues. First, they argue that the evidence at trial was insufficient to sustain their convictions under the ordinance.[5] Second, they urge that the ordinance is void for vagueness. Both arguments go only to appellants' likelihood of success on the merits.

Appellants fail to ask us to review the district court's finding of no irreparable harm. To justify reversal of the trial court's determination, however, appellants must demonstrate that the district court abused its discretion not only in holding that they had no reasonable probability of success on the merits, but also in holding that they would not be irreparably harmed. *Chesimard,* 570 F.2d at 1188. They have not done so.

Accordingly, the order of the district court will be affirmed.[6]

---

3. The district court also queried but did not determine whether injunctive relief was improper under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1970). Although the appeal of Spartacus, Inc., is still pending, *see* note 1, we conclude that *Younger* does not bar injunctive relief in the instant case because appellants state that their complaint should be read to seek injunctions against only *future* citations and prosecutions under the ordinance. *See Wooley v. Maynard,* 430 U.S. 705, 709–711, 97 S.Ct. 1428, 1432–1433, 51 L.Ed.2d 752 (1977); *Doran v. Salem Inn,* 422 U.S. 922, 930, 95 S.Ct. 2561, 2567, 45 L.Ed.2d 648 (1975); *Conover v. Montemuro,* 477 F.2d 1073, 1080 (3d Cir.1973).

4. Appellants and appellees state that our appellate jurisdiction arises under 28 U.S.C. § 1291 (1976). The order of the district court is not a final decision within the meaning of that section, however. Instead, our jurisdiction arises under 28 U.S.C. § 1292(a)(1) (1976), which permits an appeal from the interlocutory order of a district court refusing to issue a preliminary injunction.

5. Of course, a United States Court of Appeals does not sit as a Pennsylvania appellate court to review the sufficiency of the evidence before the Pennsylvania Court of Common Pleas. We read appellants' brief as inartfully arguing that appellants do not fall within the statute.

6. We agree with the concerns raised by the dissent. Although we have decided not to dismiss the appeal in this case, our opinion should not be read as approving in any way the submission of deficient briefs or appendices. At-

GARTH, J., dissenting:

I have declined to join the Majority Opinion, not because I disagree with the result which it reaches, but because, in my opinion, no reason exists for now considering the merits of this appeal. The brief and appendix filed by Spartacus [1] not only fails to disclose the facts giving rise to Spartacus's complaint (another document conspicuously missing from the appendix), but Spartacus has violated virtually every other pertinent rule of the Federal Rules of Appellate Procedure (Fed.R.App.P.), and this Circuit's Rules. I can only surmise that, contrary to our requirements, counsel for Spartacus has neither read nor is familiar with either set of rules. [2]

In reading Spartacus's brief on this appeal, and in attempting to prepare this case for disposition, I found that the glaring deficiencies in both the brief and appendix were so egregious that any meaningful review would become impossible without my first obtaining the district court record and reconstructing the appendix and the appellant's arguments. I have refused to do so, because I do not perceive this to be my task. It is one thing when appeals are brought by *pro se* litigants, who are not members of the bar and presumably are not acquainted with our procedures. It is quite another, when appeals are brought by attorneys who are members of our bar and who as a condition of their membership, are required to know and adhere to our rules.

Here the flagrant abuse of the appellate process by Spartacus's counsel compels me to refuse to consider the merits of this appeal, even if I could have ascertained the context in which Spartacus's arguments were made. Because of the wholesale violations of our procedures which are reflected in this case, I prefer not to struggle with the record in an effort to develop from that source, the arguments which I can only speculate that counsel was attempting to make. Indeed I am not convinced that the Majority Opinion, which does address the "merits," has been able to do more than state the headings that appear in appellants' brief. *See* Maj. op. at 949. I hasten to add, however, this is not the fault of my brothers in the Majority, but, in my opinion, is rather attributable to the woeful brief and inadequate appendix submitted by Spartacus.

I would therefore dismiss the appeal.

## I.

The Federal Rules of Appellate Procedure and our Third Circuit Rules and Internal Operating Procedures (IOP's) set forth the general requirements to be observed by litigants bringing appeals in this court. The essential procedures have been carefully developed through the years in order to finish the reviewing court with the necessary elements of an appeal. In this connection we have previously observed that "[i]f the court is not supplied with the proper tools to decide cases, then extremely valuable time, already severely rationed, must be diverted from substantive work into correspondence and communications with the Clerk and counsel to obtain the vital information negligently or deliberately omitted from the [brief and the] appendix." *Kushner v. Winterthur Swiss Insurance Co.,* 620 F.2d 404, 407 (3d Cir.1980).

torneys jeopardize their clients' cases as well as their own professional standing by failing to comply with the Federal Rules of Appellate Procedure and the Rules of this Circuit.

1. For ease I refer just to Spartacus, Inc., the primary plaintiff-appellant. The other plaintiffs-appellants are seven named females and "Jane Does" who apparently are massage technicians associated in some capacity with the Spartacus establishment.

2. To be admitted to practice before this Court, we require that

(A) the applicant shall be familiar with the contents of the Federal Rules of (1) Civil Procedure and Criminal Procedure; and (2) Appellate Procedure, as well as with the Rules and Internal Operating Procedures of this court, and (B) the applicant has read and understood those provisions of the above documents dealing with briefs, motions and appendices.

Third Circuit Rule 9(1)(a)(A) and (B).

The inadequacy of Spartacus's brief and appendix calls into question counsel's compliance with this rule as well.

Thus, we require that the brief contain, among other things, a statement of the case indicating the course of proceedings and its disposition in the court below. It must also contain a statement of the facts which are relevant to the issues, and those facts must be appropriately referenced to the record. Fed.R.App.P. 28(a). Spartacus's brief contains neither.

Nor can a separate statement of issues presented for review be found in Spartacus's brief. *See* Fed.R.App.P. 28(a)(2) and Third Circuit Rule 21(1)(A)(c). No statement, as required by Third Circuit Rule 21(1)(A)(d), indicating whether this case has been before the court previously, and whether counsel was aware of any other case presently pending before the court or about to be presented to the court which is in any way related to the instant case, is to be found in the brief. Nor did Spartacus's brief contain the essential certification that Spartacus's counsel was a member of the bar of this court. *See* Third Circuit Rules 21(1) and 9(1)(d).

Spartacus's brief did contain a statement of jurisdiction. However, its jurisdictional statement, insofar as it referred to appellate jurisdiction was incorrect. Spartacus asserted that the jurisdiction of this court was obtained under 28 U.S.C. § 1291 (final order). In fact, as the Majority Opinion reveals (*see* Maj. op. at 949, n.4), and as hints from Spartacus's brief disclose, Spartacus appealed from an order denying a preliminary injunction. Thus we have jurisdiction not under § 1291, but under § 1292(a)(1).

Finally, and probably most importantly, our Rules mandate that the standard or scope of review must be stated with respect to each contention. *See* Third Circuit Rule 21(1)(A)(e)(i). My colleague, Judge Aldisert, recently wrote an article which was addressed to professional competence and responsibility. In it Judge Aldisert stated that:

A clear understanding of the scope of review for each point in a brief should be a minimum requirement to meet the proposed standard of competence under Rule 1.1. It is not enough to merely state the scope of review and then proceed as if it does not control; the standard must be related to the facts at each step.[3]

Aldisert, "The Appellate Bar: Professional Responsibility and Professional Competence—A View from the Jaundiced Eye of One Appellate Judge," 11 Cap.U.L.Rev. 445 (1982). I share his views, and in doing so, emphasize that the hallmark of an appellate advocate is his awareness, knowledge, and use of the standards governing appellate review. It is for this reason that this Circuit has required a specification of such standards with respect to each issue—a specification which, it is my understanding, has now been adopted by many of our sister Circuits. This requirement, too, was utterly ignored by Spartacus.

In order that a judge reviewing a lower court proceeding can ascertain the relevant aspects of what took place in the district court, Fed.R.App.P. 30(a) requires that the relevant docket entries be shown in the appendix and that relevant portions of the pleadings be supplied for the judge's examination.

In this case, the appendix that was filed contained no docket entries, and no pleadings. An opinion of the district court was included in the appendix, but contrary to the additional requirement of Fed.R.App.P. 30(a), the district court's *order* from which the appeal was taken, was also missing from the appendix. Nor does the Notice of Appeal, required by our court's Rule 10(3) appear in the appendix. Finally, I also note that contrary to Third Circuit Rule 10(3)(5), the appendix does not contain a table of contents with page references, and it is not paginated.

---

**3.** The Rule to which reference is made, appears in the proposed ABA Model Rules of Professional Conduct and reads:

Rule 1.1 COMPETENCE

A lawyer shall provide competent representation to a client. Competence consists of the legal knowledge, skill, thoroughness, preparation and efficiency reasonably necessary for the representation.

Suffice it to say, that with a brief and appendix in this state, without engaging in and performing the work which counsel should perform, I found it impossible to determine whether the district court's action, in whatever context it was taken, should be upheld or set aside. Because it is these very omissions from the brief and appendix that prevent an adequate understanding of Spartacus's position, I conclude that it would be fruitless for me to attempt to dispose of this appeal, other than by invoking our Rule 21(4) which permits dismissal of an appeal when adherence has not been had to our established procedures.

## II.

The failure of some members of the bar to observe even the most basic requirements for briefs and appendices has within recent years troubled this court. Although we have been and are loathe to impose sanctions, even in the face of serious violations, we sounded a warning in *U.S. v. Somers,* 552 F.2d 108, 115 (3d Cir.1977)—a warning to which we thought counsel would give heed.

In *Somers,* counsel had neglected to furnish the court with even the most basic of the documents needed to support his claim. The court itself was thereupon required to assemble essential portions of the record in order to reach a resolution of the issues presented. It was in that setting that we said:

> Heretofore we have hesitated to suppress appellate papers or to dismiss appeals for failure to comply with appellate rules. However, presentations such as the instant one go a long way toward dispelling that hesitation. We can no longer afford the effort and time to prepare counsels' case and to supply counsels' record deficiencies. Henceforth, our displeasure with counsels' refusal, failure or unwillingness to master our procedures will necessarily result in the imposition of appropriate sanctions. Third Cir.R. 21(3).

*Id.* 552 F.2d at 115.

*Somers,* in turn, was followed by *Kushner v. Winterthur Swiss Insurance Co.,* 620 F.2d 404 (3d Cir.1980) in which content was given to the *Somer's* warning. Kushner's appeal was dismissed. Apparently the teaching of *Somers* and *Kushner* was not learned because in *Brooks v. Fitch,* 642 F.2d 46, 48 (3d Cir.1981) this Court once again dismissed an appeal (albeit on alternative grounds), for failure to comply with appellate procedures. In none of those cases, however, were the Rule violations as egregious as they are here.

In *Kushner, supra,* we set forth both the prudential and jurisprudential justifications for imposing the ultimate sanction of dismissal. It bears mention that the number of appeals assigned to each active judge since 1980, the year *Kushner* was decided, has increased, not decreased. Apart from this circumstance there is little to be added to the discussion found in *Kushner*—a discussion which decries litigants' failures to comply with our requirements.

I am therefore satisfied that, in light of the manner in which this appeal has been presented to this court, the only direction that our disposition should take is to dismiss the appeal outright. In resolving this appeal in such a fashion, rather than addressing and meeting the merits, I am not unaware of the effect visited upon the parties themselves. However, such considerations cannot control our decision. The Supreme Court, in analogous circumstances stated:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.... And if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice.

*Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–34 and n. 10, 82 S.Ct. 1386, 1390 n. 10, 8 L.Ed.2d 734 (1962).

## III.

I deliberately do not comment upon the merits of Spartacus's action and the argu-

ments made in its brief. Nor do I pass judgment on the failure of Spartacus's counsel to address, in a responsible manner, the *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1970), issue which surfaced in these proceedings and which this court *sua sponte* raised with counsel. *See e.g.,* Maj. op. at 949 n. 3. It is enough for me that Spartacus's brief and appendix fall so far short of acceptable appellate standards that the only remedy is dismissal.

My only regret is that the Majority has seen fit to affirm the district court rather than to dismiss the appeal, thereby diluting in some respect the clear message which *Somers, Kushner* and *Brooks* sought to convey. However, lest any member of our bar take the Majority's disposition in this case to represent a weakening of our standards and our determination to require compliance with appellate procedures, let me state that I, for one, will have no hesitancy in voting to dismiss appeals that do not conform to appropriate appellate practice.

I respectfully dissent from the Majority's disposition, for I would dismiss this appeal rather than consider the issues on the merits.