**Pauletta SUTTON, Plaintiff-Appellant,**

v.

**ADDRESSOGRAPH–MULTIGRAPH CORPORATION,**
Defendant-Appellee.

**No. 80–1041.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1980.

Decided July 3, 1980.

Raymond Howard, Jr., St. Louis, Mo., for plaintiff-appellant.

William W. Cody, McMahon, Berger, Breckenridge, Hanna, Linihan & Cody, St. Louis, Mo., for defendant-appellee.

Before LAY, Chief Judge, and HEANEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Pauletta Sutton brought suit pursuant to 42 U.S.C. § 2000e, alleging racial discrimination in her job termination by her former employer Addressograph-Multigraph Corporation. The defendant claimed plaintiff was fired for insubordination in refusing to perform a properly requested work assignment made by her immediate supervisor, Don Schneider. The cause was tried before Judge Edward L. Filippine, United States District Judge for the Eastern District of Missouri, sitting without a jury.

The district court made the following findings regarding the incident that resulted in plaintiff's termination:

On August 1, 1975, plaintiff was assigned work known as preventive maintenance agreement billing by Schneider. The work involved typing two dates, two dollar amounts and the contract number on six to eight bills. All of the information was within the plaintiff's knowledge. It was necessary to have the work done quickly because the company was nearing the end of its fiscal year. Myrtle Reynolds, another employee, ordinarily did this work but she had been promoted to the switchboard and was working there on this particular day.

The plaintiff refused to do this work. Schneider explained to her that the bills were late and overdue and, mindful of the end of the fiscal year, indicated the urgency of the request. The plaintiff still refused the work, saying that she had too much other work to do.

Schneider then called the plaintiff into his office and explained to her that he needed the work done, although he knew the assignment would interfere with her normal routine. He added that it would not take very much time to do the work. The plaintiff stated that she thought it was not her job and that she did not have the time. Schneider explained to the plaintiff that her refusal to perform work requested was a serious matter and that he would have to report it to Joseph Goley, the District Administrative Manager.

Schneider called Goley who told him that he wanted to talk with the Employee Relations Department in Cleveland, Ohio. After lunch, Goley called Schneider and the plaintiff into his office. Schneider told Goley of the plaintiff's refusal to perform the assigned work. The plaintiff was then given the opportunity to explain her side of the story. The plaintiff told Goley that she had, in fact, refused to perform the work and that she wanted to see in writing that it was specifically part of her job function and duties.

Goley explained to the plaintiff that while typing maintenance billing forms was not specifically listed in her job description, it was a task that arose from time to time. Furthermore, as typing was in her job description, and as she was clearly required to "assist employees of higher classifications" when requested, he thought the request was reasonable and that she should comply.

The plaintiff again refused and was told by Goley at that time that her refusal to perform the work assigned was grounds for termination. Goley then asked her to reconsider. The plaintiff again refused, stating that she would not do someone else's job.

Goley then suggested that the plaintiff return to her desk and take fifteen minutes to think it over. The plaintiff stated that it was not necessary to do that because she was not going to do the work and that Goley should just have her unemployment check ready for her on Monday. Goley then informed the plaintiff that he had no alternative but to discharge her.[1]

Based on these findings, the district court concluded the defendant had rebutted plaintiff's showing of discrimination in her discharge and established that the discharge was for insubordination which constituted good cause.

A timely notice of appeal was filed by plaintiff's counsel, Raymond Howard, on January 9, 1980. On April 7, 1980, defendant-appellee moved to dismiss the appeal for want of prosecution. This Court, by order of April 8, 1980, gave plaintiff-appellant fifteen days to show cause why the appeal should not be dismissed for want of prosecution. No timely response was filed although, on April 23, 1980, a motion to "file transcript in forma pauperis" was received. By order of May 5, 1980, this Court denied plaintiff's motion to proceed in forma pauperis and for preparation of a tran-

---

1. The district court also noted that (1) the plaintiff had been replaced but reinstated and given retroactive pay for the period she claimed she was able to work following maternity leave in 1974, and (2) three and one-half months before the incident, the plaintiff had received a good evaluation from her supervisor, Don Schneider, followed by a salary increase.

script at government expense. This Court ordered the plaintiff-appellant to file her brief within fifteen days and stated that no further extensions would be granted. As of May 29, 1980, she had filed no brief.

■ We dismiss the appeal on two grounds: first, pursuant to Local Rule 13 and Rule 31(c) of the Federal Rules of Appellate Procedure for failure to prosecute and, second, pursuant to Local Rule 9 because the appeal is without merit.[2]

■ If this Court felt that the appeal had merit, it would have considered relieving present counsel and asking the appellant to obtain new counsel. We are convinced, however, from a careful consideration of the entire record, that the findings and conclusion of the district court are supported by the record and that the judgment of the district court should be affirmed on the basis of the district court's opinion.

In light of the failure of appellant's counsel to observe the rules of this Court, we have today issued an order to show cause why counsel should not be removed from the rolls of this Court or otherwise disciplined.

McMILLIAN, Circuit Judge, concurring.

I concur in the dismissal of the appeal under Local Rule 13 and Rule 31(c) of the Federal Rules of Appellate Procedure and in the issuance of the order to appellant's counsel to show cause why he should not be removed from the rolls of this Court or otherwise disciplined. I note that this is not the first incident of apparent misconduct by counsel.

2. We have considered the original file of the district court, including the lengthy deposition of the plaintiff taken May 23, 1978, and the deposition of the plaintiff and Edna Kuhn taken June 15 and October 1, 1978, respectively, and are of the opinion that the findings and conclusions of the district court are supported by the record. The well-reasoned memorandum of the district court, therefore, provides an alternative basis for dismissing the appeal. As stated in *Kushner v. Winterthur Swiss Insurance Co.*, 620 F.2d 404, 408, n.4 (3d Cir. 1980):

ORDER

On this date, this Court dismissed the appeal of Pauletta Sutton in *Sutton v. Addressograph-Multigraph Corporation*, No. 80–1041, for failure to prosecute. Raymond Howard, counsel for Pauletta Sutton, is hereby directed to appear and show cause why he should not be removed from the rolls of this Court or otherwise disciplined. Any written response to this order shall be filed with the Clerk of Court no later than September 2, 1980, and Raymond Howard is directed to appear before this Court on September 9, 1980, at 2:30 p. m.

When two independent reasons support a decision, neither can be considered obiter dictum, each represents a valid holding of the court. *California v. United States*, 438 U.S. 645, 689 n.10, 98 S.Ct. 2985, 2992 n.10, 57 L.Ed.2d 1018 (1978) (White, J., dissenting); *Healey v. Catalyst Recovery of Pennsylvania, Inc.*, 616 F.2d 641, 655 (3d Cir. 1980) (Aldisert, J., dissenting).