**Dewayne HULSEY, Appellee,**

v.

**Willis SARGENT, Appellant.**

**The States of Missouri and Nebraska, Amicus Curiae.**

**No. 93–2318.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1994.

Decided Jan. 31, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied March 22, 1994.

116

Olan W. Reeves, Asst. Atty. Gen., Little Rock, AR, argued, for appellant.

Everett C. Johnson, Washington, DC, argued (Thomas D. Sydnor II, on the brief), for appellee.

Before BOWMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

This is a death penalty case. Convicted defendant Dewayne Hulsey sought a writ of habeas corpus following his Arkansas state conviction for capital murder. On his third amended petition, the district court granted the writ. The State of Arkansas appeals. We dismiss for lack of jurisdiction.

## I. FACTS

A jury convicted Hulsey on one count of capital felony murder on November 6, 1975. On direct appeal, the Arkansas Supreme Court denied Hulsey's claims for relief. *Hulsey v. State,* 261 Ark. 449, 549 S.W.2d 73 (1977), *cert. denied,* 439 U.S. 882, 99 S.Ct. 220, 58 L.Ed.2d 194 (1978). That same court also denied Hulsey's petition for post-conviction relief. *Hulsey v. State,* 268 Ark. 312, 595 S.W.2d 934, *reh'g denied and opinion supplemented,* 268 Ark. 312, 599 S.W.2d 729, *cert. denied,* 449 U.S. 938, 101 S.Ct. 337, 66 L.Ed.2d 161 (1980).

In his third amended petition for federal habeas relief, the subject of this appeal [1],

---

**1.** Hulsey's conviction has previously been before this court: *Hulsey v. Sargent,* 821 F.2d 469 (8th Cir.) (sentencing phase of the case remanded to district court for reconsideration in light of

Hulsey raised four issues. The district court granted relief on two of those grounds, concluding that the jury instruction at the sentencing phase of the trial contained a unanimity requirement for finding mitigating circumstances, in violation of *Mills v. Maryland*, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988), and that Arkansas' death penalty statute unconstitutionally required the jury to find that any mitigating circumstances outweighed any aggravating circumstances. The district court chose to not resolve the two remaining issues presented.

The district court entered the judgment granting Hulsey's petition for habeas relief on April 16, 1993. The State then filed a "Motion for Reconsideration" on April 26. Prior to the district court's ruling on this post-judgment motion, the State filed its only notice of appeal on May 14. The "Motion for Reconsideration," designated as such, asked the district court to reverse its decision not to resolve two of Hulsey's claims for relief, and to rule upon those claims.

In the meantime, the State received a briefing schedule from the court of appeals' clerk's office on June 7, and filed its designation of record, statement of issues and method of appendix preparation on June 17. On June 22 the State sought and received an extension of time to file its brief that had been due on June 27. Not until June 28 did the district court rule on the State's post-judgment motion. The State filed its appellate brief on August 20, 1993.

## II. DISCUSSION

Hulsey initially argues that, because the State failed to file a second notice of appeal after the district court ruled on the "Motion for Reconsideration," this court is without

jurisdiction.[2] According to Hulsey, because the motion requested that the district court rule on the undecided bases for habeas relief, thereby requiring additional fact-finding and altering the initial judgment, the post-judgment motion comes under Fed.R.Civ.P. 52 or 59. The State does not contest this characterization of the motion. A new notice of appeal was therefore required after the denial of the post-judgment motion pursuant to Fed.R.App.P. 4(a)(4), which nullifies any notice of appeal filed prior to the disposition of a motion brought under either Rule 52 or 59. Because the State failed to file such subsequent notice, Hulsey concludes that this court lacks jurisdiction.

The State's argument to the contrary asserts that jurisdiction properly lies because this court permitted the State to proceed with its appeal. The result was that the State filed a brief upon a valid extension which itself complied with Fed.R.App.P. 3. The State also observes that Hulsey was well aware of the issues on appeal, and that the appeal was docketed. Thus the appeal should stand.

The State cites *Neu Cheese Co. v. F.D.I.C.*, 825 F.2d 1270 (8th Cir.1987), in support for the proposition that when the clerk's office lulls an appellant into the belief that the appeal is properly docketed, and the clerk's office is aware of an outstanding post-judgment motion and that the appellant is proceeding on the appeal, the appeal should be deemed properly filed. The State further argues that the documents filed with the court of appeals make clear that it is the judgment of April 16, including all the issues decided therein, which forms the basis of the State's appeal. Finally, the State contends that the notice of appeal divested the district

---

*Wainwright v. Witt*, 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985)), *cert. denied*, 484 U.S. 930, 108 S.Ct. 299, 98 L.Ed.2d 258 (1987); *Hulsey v. Sargent*, 865 F.2d 954 (8th Cir.1988) (vacation of death sentence reversed and case remanded with directions that district court dismiss habeas petition; direction that district court address petitioner's remaining claims for relief), *cert. denied*, 493 U.S. 923, 110 S.Ct. 291, 107 L.Ed.2d 270 (1989).

**2.** As to the merits of the appeal, Hulsey argues that the jury instruction at the sentencing phase

of his trial violated *Mills v. Maryland*, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988), as there was a unanimity requirement in order that the jury find mitigating circumstances. Hulsey's burden-shifting claim pertains to Arkansas' death penalty statute, which, according to the district court, required that the jury find that the mitigating circumstances outweigh the aggravating circumstances. Because the court is without jurisdiction over this appeal, we do not address the merits raised.

court of its jurisdiction as to the issues appealed.

The jurisdictional issue now before us raises the following subissues: (1) whether the "Motion for Reconsideration" falls under either Fed.R.Civ.P. 52 or 59, thereby rendering the notice of appeal a nullity under Fed. R.App.P. 4(a)(4); and, if so, (2) do the actions of the clerk's office, i.e., granting the extension of time for the State's filing of its brief and processing the appeal, serve to give this court jurisdiction.

■ The parties' characterization of the relief sought by the motion, as well as its filing within the ten-day period after entry of judgment, places the post-judgment motion within both Rules 52(b) (motion to amend findings or make additional findings and amend judgment accordingly) and 59(e) (motion to alter or amend judgment). Accordingly, the explicit mandate of Fed.R.App.P. 4(a)(4)[3] in effect prior to December 1, 1993, required the State to file a new notice of appeal, within thirty days of denial of the post-judgment motion (by July 29). *See*

*Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 60–61, 103 S.Ct. 400, 403–04, 74 L.Ed.2d 225 (1982); *Sanders v. Clemco Indus.,* 862 F.2d 161, 168 (8th Cir.1988). None was filed within the thirty-day period.

■ Compliance with applicable Fed. R.App.P. 4, the timeliness provision pertaining to appeals, is mandatory, *id.; accord Munden v. Ultra–Alaska Assoc.,* 849 F.2d 383, 387 (9th Cir.1988); *Finch v. City of Vernon,* 845 F.2d 256, 259 (11th Cir.1988); *Nichols v. Board of Trustees of Asbestos Workers Local 24 Pension Plan,* 835 F.2d 881, 888 (D.C.Cir.1987), notwithstanding the more liberal construction of Fed.R.App.P. 3 pertaining to how an appeal is taken. *Smith v. Barry,* — U.S. —, —, 112 S.Ct. 678, 682, 116 L.Ed.2d 678 (1992) (notice of appeal may be in the form of an appellate brief). Thus even if the State's brief were to serve as a notice of appeal, its filing on August 20, approximately fifty days after entry of the district court's denial of the post-judgment motion, renders the "notice" untimely. Furthermore, had the State filed its brief as

---

3. Federal Rule of Appellate Procedure 4(a)(4) (1993) reads:

> If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.

This rule applies to this litigation. A provision of the amended rule effective December 1, 1993 changed the requirements. Rule 4(a)(4) now reads:

> If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Federal Rules of Civil Procedure:
>
> (A) for judgment under Rule 50(b);
> (B) to amend or make additional findings of fact under Rule 52(b), whether or not granting the motion would alter the judgment;
> (C) to alter or amend the judgment under Rule 59;
> (D) for attorney's fees under Rule 54 if a district court under Rule 58 extends the time for appeal;
> (E) for a new trial under Rule 59; or
> (F) for relief under Rule 60 if the motion is served within 10 days after the entry of judgment.
>
> A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the date of the entry of the order disposing of the last such motion outstanding. Appellate review of an order disposing of any of the above motions requires the party, in compliance with Appellate Rule 3(c), to amend a previously filed notice of appeal. A party intending to challenge an alteration or amendment of the judgment shall file an amended notice of appeal within the time prescribed by this Rule 4 measured from the entry of the order disposing of the last such motion outstanding. No additional fees will be required for filing an amended notice.

Thus, the initial notice of appeal timely filed after judgment remains effective and is not rendered invalid by timely filed post-judgment motions specified in the rule.

initially scheduled, i.e., by June 27, it would have been premature as a notice of appeal because the post-judgment motion was not denied until June 29.

■ The grant of an extension for filing the brief by the clerk's office does not change this result. Appellant did not seek an extension of time from the district court to file an appeal. *See* Fed.R.Civ.P. 6(b). Unlike the district court, courts of appeals are prohibited from enlarging the time limits for filing a notice of appeal. Fed.R.App.P. 26(b). *See Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 315, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). Extension by the clerk's office of the time for filing a brief, authorized by 8th Cir.R. 27B(2), cannot indirectly do what this court cannot do directly—that is, the clerk's office, acting on behalf of the court of appeals, cannot extend the time for filing a notice of appeal.

■ Finally, this case does not present "extraordinary circumstances" such that the mandate of Rule 4 can be avoided. *Compare Thompson v. INS,* 375 U.S. 384, 387, 84 S.Ct. 397, 399, 11 L.Ed.2d 404 (1964) (unique circumstances wherein court declared new trial motion timely and appellant filed notice of appeal in reliance of said declaration justified exercise of jurisdiction over the appeal) *and Neu Cheese Co.,* 825 F.2d at 1271–72 (letter from court of appeals clerk's office stating that " 'we are withholding docketing this appeal because of the pending defendant's motion for rehearing,' " in conjunction with requesting that district court forward two certified copies of its ruling on the motion with the updated docket entries "lulled" Neu Cheese "into believing that the appeal would be docketed at the time that the motion for rehearing was overruled") *with Osterneck v. Ernst & Whinney,* 489 U.S. 169, 178–79, 109 S.Ct. 987, 992–93, 103 L.Ed.2d 146 (1989) (statements and actions by district court did not result in "extraordinary circumstances" warranting application of *Thompson* exception). In the present case, the State can point to "no act that, but for a judicially sanctioned error, would have produced a

properly noticed appeal." *Faysound Ltd. v. Falcon Jet Corp.,* 940 F.2d 339, 344 (8th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1175, 117 L.Ed.2d 420 (1992).

The State also argues that the district court improperly failed to address all of Hulsey's grounds for relief.[4] Notwithstanding our discussion above denying jurisdiction, we do take this opportunity to make clear that, absent exceptional circumstances, the district court should decide all issues raised by a habeas petition, particularly in death penalty cases. As can surely be concluded here, where the underlying conviction occurred over eighteen years ago, the allowance of piecemeal litigation cannot possibly serve the interests of society, the defendant or the crime victim.

Appeal dismissed.

---

4. On this issue, the State of Missouri, joined by the State of Nebraska, filed a brief as amici curiae supporting the State of Arkansas.