279 F.Supp.2d 1079 (2003)
John C. WILKERSON, Plaintiff,
v.
MISSOURI DEPARTMENT OF MENTAL HEALTH, and Melinda Marie Sloan, Defendants.
No. 4:03CV445 DDN.
United States District Court, E.D. Missouri, Eastern Division.
July 31, 2003.
Maurice B. Graham, Gray and Ritter, St. Louis, MO, for Plaintiff.
Rex M. Burlison, Maureen C. Beekley, Attorney General of Missouri, St. Louis, MO, for Defendants.

MEMORANDUM
NOCE, United States Magistrate Judge.
This action is before the court on the motion to dismiss of defendants Missouri Department of Mental Health (MDMH) and Melinda Marie Sloan. (Doc. 6.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

I. BACKGROUND
On June 9, 2003, plaintiff filed a complaint for damages for personal injuries allegedly suffered when he was struck by a vehicle Sloan was driving while acting within the scope and course of her employment with MDMH. The complaint asserts that "the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship of the parties." (Doc. 1.)
In their motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6), defendants argue that subject matter jurisdiction is lacking, because there is not complete diversity between the parties and, alternatively, that they are entitled to Eleventh Amendment immunity.
In response, plaintiff states that, although he believes there is complete diversity of citizenship and that his claim for damages is in an amount that would normally give this court jurisdiction, defendants' motion is well founded because MDMH is not a "resident" of the State of Missouri for diversity purposes. Plaintiff consents to dismissal, but "without prejudice." (Doc. 10.)

*1080 II. DISCUSSION
The diversity-of-citizenship statute requires, as relevant, that the civil action be between "citizens of different States." 28 U.S.C. § 1332(a)(1). It is the plaintiff's burden to establish the factual bases for the subject matter jurisdiction plaintiff invokes. See Osborn v. United States, 918 F.2d 724, 730 (8th Cir.1990) (once subject-matter jurisdiction has been challenged under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction). "It is, to say the least, well settled that federal diversity jurisdiction requires complete diversity, so that no defendant is a citizen of the same state as any plaintiff." Walker v. Norwest Corp., 108 F.3d 158, 162 (8th Cir.1997) (citing Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806), and Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)). The inclusion of a Missouri state agency as a defendant in this action destroys the required diversity of citizenship. See Postal Telegraph Cable Co. v. State of Alabama, 155 U.S. 482, 487, 15 S.Ct. 192, 39 L.Ed. 231 (1894) ("it is well settled that a suit between a state and a citizen ... of another state is not between citizens of different states"); Batton v. Ga. Gulf, 261 F.Supp.2d 575, 581 (M.D.La.2003) (presence of State of Louisiana destroyed complete diversity in lawsuit brought by citizens of Louisiana against Louisiana Department of Health and Hospitals, a non-independent state agency, and various out-of-state manufacturers, since agency did not have citizenship).
Because federal jurisdiction is lacking, the court does not reach defendants' alternative argument. Cf. Meyer v. Schnucks Markets, Inc., 163 F.3d 1048, 1050 (8th Cir.1998); Hulsey v. Sargent, 15 F.3d 115, 117 n. 2 (8th Cir.1994).
An appropriate order, granting defendants' motion and dismissing plaintiff's action without prejudice, shall accompany this memorandum.