Stanley HALL, Appellee/Cross–
Appellant,

v.

Al LUEBBERS, Superintendent, et al.,
Appellants/Cross–Appellees.

Nos. 01–3542, 01–3543.

United States Court of Appeals,
Eighth Circuit.

Nov. 13, 2003.

Stanley Hall, pro se, Mineral Point, MO,
Nelson L. Mitten, Michael A. Ellenhorn,
Riezman & Berger, St. Louis, MO, for
Plaintiff–Appellee.

Stephen David Hawke, Stephen David
Hawke, Cassandra Kaye Dolgin, Attorney
General's Office, Jefferson City, MO, for
Defendants–Appellants.

BEAM, Circuit Judge, dissenting from
the denial of rehearing by the panel.

This matter is before the court, in part,
on Luebbers' petition for rehearing by the
panel. The court, acting through a majori-
ty of the members of the panel, declines to
grant rehearing, and from this decision, I
respectfully dissent.

Luebbers, speaking through the Attor-
ney General of the State of Missouri, con-
tends that we err in our analysis of 28
U.S.C. § 2261. Although I originally
joined the court's opinion, I agree with
Luebbers' rehearing contentions and now
believe that my decision to concur was
wrong. Read in isolation, subsection (c) of
2261 indicates that a state "must offer
counsel to all State prisoners under capital
sentence." The court apparently reads
this requirement without reference to any
language from any other subsection of the
statute.[1] I believe it is error to do so.

Chapter 154 of the Anti–Terrorism and
Effective Death Penalty Act (AEDPA)
provides for special procedures in capital
cases. 28 U.S.C. § 2261, a part of Chapter
154, states, in relevant part, as follows:

(b) This chapter is applicable if a State
establishes by statute, rule of its
court of last resort, or by another
agency authorized by State law, a
mechanism for the appointment,
compensation, and payment of rea-
sonable litigation expenses of compe-
tent counsel in State post-conviction
proceedings brought by indigent
prisoners whose capital convictions
and sentences have been upheld on
direct appeal to the court of last
resort in the State or have otherwise
become final for State law purposes.
The rule of court or statute must
provide standards of competency for
the appointment of such counsel.

(c) Any mechanism for the appointment,
compensation, and reimbursement of
counsel as provided in subsection (b)
must offer counsel to all State pris-
oners under capital sentence and
must provide for the entry of an
order by a court of record—

(1) appointing one or more counsels
to represent the prisoner upon a
finding that the prisoner is indi-
gent and accepted the offer or is
unable competently to decide

---

1. The court apparently finds no fault with the
actual "appointment" process it outlines in its
opinion, just the "offer [of] counsel to all

State prisoners" component it sees in the
AEDPA.

whether to accept or reject the offer;

(2) finding, after a hearing if necessary, that the prisoner rejected the offer of counsel and made the decision with an understanding of its legal consequences; or

(3) denying the appointment of counsel upon a finding that the prisoner is not indigent.

The Supreme Court of Missouri enacted court Rule 29.16 in an attempt to "opt-in" to the expedited habeas corpus procedures provided in Chapter 154. As pertinent to this dissent, the rule provides:

(a) When a motion is filed as provided in Rule 29.15 to set aside a sentence of death, the court shall find on the record whether the movant is indigent. If the movant is indigent, the court shall cause to be appointed two counsel to represent the movant. If movant seeks to reject the appointment of counsel, the court shall find on the record, after a hearing if necessary, whether the movant is able to competently decide whether to accept or reject the appointment and whether the movant rejected the offer with the understanding of its legal consequences. Unless the movant is so competent and understands the legal consequences, movant shall not be permitted to reject the appointment of counsel.

. . .

(d) As to any counsel appointed as provided in this Rule 29.16, the state public defender shall provide counsel with reasonable compensation and shall provide reasonable and necessary litigation expenses.

The court has decided, as its opinion indicates, that the State of Missouri "must offer counsel to all State prisoners under capital sentence." Clearly the statute says this. However, in the same subsection, the statute qualifies this language by also stating: "as provided in subsection (b)." Subsection (b) clearly modifies subsection (c). The "mechanism" referred to in both subsections (b) and (c) is limited to one established "for the appointment, compensation, and payment . . . of competent counsel in . . . proceedings brought by *indigent prisoners*." 28 U.S.C. § 2261(b) (emphasis added). Thus, the "all State prisoners" language in subsection (c) is limited by subsection (b) to "all [indigent] State prisoners." Read as the court now decides, the indigency requirement of subsection (b) is written out of the statute.

While the court's interpretation is problematic, it is an arguable approach that I can live with notwithstanding my concerns. This is because it constitutes a statutory construction that Missouri can respond to in an attempt to remedy any perceived deficiencies in Rule 29.16. However, after invalidating the "offer [of] counsel" portion of Rule 29.16, the court declines to decide the second portion of the rule in dispute in the case—that is, whether the "attorney compensation" provisions of the rule are valid. Luebbers contends that this is prejudicial error. I agree.

In the district court, Luebbers argued the validity and Hall argued the invalidity of both the offer of counsel and compensation instrumentalities contained in the rule. The district court decided that Rule 29.16 did not pass statutory muster under either portion of the rule. The district court found that the rule does not provide for "the automatic offer of counsel," as required by subsection (c). The district court also concluded that the mechanism for compensation of counsel was deficient and likely "unenforceable" since State of Missouri trial courts have no jurisdiction under state law to order the public defend-

er to pay appointed counsel's fees and expenses.

On appeal both of these issues were briefed and argued but, as indicated, this court, affirming the district court on the "offer [of] counsel" issue, has refused to rule on the "compensation" issue. For the reasons advanced by the Attorney General on appeal and in the petition for rehearing, and also under historical facts available to the court through concepts of judicial notice, this refusal is both erroneous and prejudicial.

With limited exceptions, an appellate court has a responsibility to address the relevant and disputed issues presented on appeal. Having said this, I readily agree that appellate courts are not always bound to decide every issue raised by the parties. For instance, if a case can be decided without reaching an issue of statutory constitutionality, it should be done. *See Doe v. Hartz*, 134 F.3d 1339, 1341 (8th Cir. 1998). That maxim is not applicable here. And, as a general rule, an appellate court should review only the issues specifically raised and argued in appellate briefs. *United States v. Reinholz*, 245 F.3d 765, 780 (8th Cir.2001). Again, this rule does not apply here. However, we have repeatedly directed the district courts "to decide *all* issues raised in a habeas petition, particularly in death penalty cases, on the grounds that 'the allowance of piecemeal litigation cannot possibly serve the interests of society.'" *Weaver v. Bowersox*, 241 F.3d 1024, 1032 (8th Cir.2001) (emphasis in original) (quoting *Hulsey v. Sargent*, 15 F.3d 115, 119 (8th Cir.1994)).

While this court is not absolutely bound by its oft-repeated advice to the district courts, it seems more than appropriate to follow it in this particular case. Since July of 1992, the State of Missouri has on more than one occasion formally requested this court to expedite consideration of death penalty habeas matters that the State believed, with good reason, were languishing in the district courts. Upon the enactment of the AEDPA in 1996, the State promptly addressed the opt-in procedures outlined in the legislation adopted by Congress. The promulgation of Rule 29.16 by the Missouri Supreme Court, a body that is very competent in the field of statutory construction, represents the State's effort.

This court has now said that the rule falls short in one area of concern. Based upon the petition for rehearing, it appears that the State of Missouri is prepared to live with this result if the en banc court denies further consideration. But, as it points out in its request for rehearing, the refusal of the panel to consider the second issue raised and decided in the district court and briefed and argued on appeal— that is, the adequacy of the attorney compensation provisions of the rule—creates particular, and in my view, unnecessary problems for the State of Missouri and almost certainly creates "piecemeal litigation." The State highlights a further problem. The Missouri Supreme Court apparently must form a commission to make changes in Rule 29.16. Thus, if the attorney compensation provision is left intact and is later found to be inadequate by this court, as Hall and the district court presently claim it is, the court will not only have promoted piecemeal litigation but also expensive and time-consuming piecemeal administrative action for the State.

Although not made clear in the court's opinion, I detect at least two possible reasons for not deciding the compensation of counsel issue. First, since the "offer [of] counsel" prong of the rule was found to be invalid and the State has thus failed in its effort to "opt-in" under section 2261, any decision of the court on the compensation of counsel prong of the rule would be unnecessary and could possibly result in

an expression of obiter dictum. In the circumstances of this appeal, I find no support for such reasoning, if it exists.

The overall issue before the court on appeal was whether the State of Missouri through Missouri Supreme Court Rule 29.16 has met the several requirements of section 2261 necessary to opt-in to expedited handling of death penalty habeas cases. Any remark made or opinion expressed by the court that deals directly with this statutory construction question is not dicta. Any such statements would in no way be incidental or collateral to the query to the court—does the mechanism adopted through promulgation of Rule 29.16 meet the divers requirements of section 2261? Under a proper analysis of the question of whether there has been an opt-in, or not, the attorney compensation prong is no less or no more important than the offer of counsel prong. Both formulations were under attack by Hall and were totally relevant to the question before the court—has the State of Missouri created a valid opt-in mechanism under section 2261? " 'When two independent reasons support a decision, neither can be considered obiter dictum.' " *Sutton v. Addressograph–Multigraph Corp.*, 627 F.2d 115, 117 n. 2 (8th Cir.1980) (quoting *Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 408 n. 4 (3d Cir.1980)) (citations omitted); *cf. Brazzell v. United States*, 788 F.2d 1352, 1357 n. 4 (8th Cir.1986) (holding that language in a prior case was not dicta but instead was a "binding alternative holding").

A second conceivable reason is that an evaluation of the compensation procedures after the court has already invalidated the offer of counsel procedures would somehow be tantamount to writing state rules of procedure for the Missouri Supreme Court. If this be true, it is no less true than for the court's decision on the offer of counsel question. In both instances, the

Missouri Supreme Court has to evaluate this court's reasoning and decide how, if at all, Rule 29.16 or some similar rule designed to effect a valid opt-in mechanism could be drafted to meet the basic requirements of section 2261 as construed by this court.

I believe this panel has an obligation to comprehensibly address both questions. Accordingly, I dissent from the decision to deny rehearing to decide the "attorney compensation" issue raised, briefed and argued in this litigation.