

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2006

# Russo v. Glass Real Estate

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4894

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Russo v. Glass Real Estate" (2006). *2006 Decisions.* Paper 218.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/218

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4894

_____

FRANCIS PAUL RUSSO;
ESTATE OF DEAN ANTHONY RUSSO;
CITY DINING CORP.

v.

GLASS REAL ESTATE COMP.; ESTATE HERB GLASS;
STEVEN GLASS; HAZZARD COMPANY; PAUL J. FELIXON;
STEERMAN & FELIXON, PC; BAINBRIDGE LAW CENTER;
ESQ. ALAN M. BREDT, Esquire; JUDGE JOHN GREEN, Sheriff;
JOHN WINTER, Esquire, Wachovia SBC; WACHOVIA SBC;
AL FIORILLI, Wachovia SBC Credit; JOHN GREEN, Sheriff;
ESQ. JAMES J. ZWOLAK, Esquire;
CITY OF PHILADELPHIA REVENUE DEPARTMENT;
GERALD KOSINSKI, Esquire, Undersheriff;
JOHN GREEN, County of Philadelphia Sheriff;
SHARON HUMBLE, Esquire; WACHOVIA BANK, Bondholder Trustee;
JACK M. BERNARD, Esquire; PETER ANTIPAS; SUSANNA ANTIPAS;
JOHN GREEN, Sheriff, Phila County;
RCS SEARCHERS, Distribution Title Company; PERRY J. COCCO;
CITY OF PHILADELPHIA, South District Building Inspector;
TOM SCIULLI; CITY OF PHILADELPHIA, Chief Dept. of License & Inspections;
ALEXANDER; CITY OF PHILADELPHIA, Police Dept. Patrol Officer

Francis Paul Russo,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 03-cv-6577
(Honorable Petrese B. Tucker)

_____

Before: SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed November 8, 2006)

_____

OPINION OF THE COURT
_____

PER CURIAM.

Francis Russo appeals the District Court's order dismissing his complaint. The procedural history of this case and the details of Russo's claims are well-known to the parties, set forth in the District Court's thorough opinions, and need not be discussed at length. Briefly, Russo filed a complaint alleging several claims arising from the Sheriff's sale of two properties he had owned. The District Court granted the motions to dismiss filed by several defendants. After the District Court entered an order dismissing the remaining claims, Russo filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

On appeal, Russo argues that there were procedural irregularities in the Sheriff's sale of the properties. However, he already raised these arguments in his petition to set aside the sale which he filed in state court. The state court denied his petition. We agree with the District Court that Russo is not entitled to relief on these claims. Moreover, the Rooker-Feldman doctrine deprives a District Court of jurisdiction to review, directly or

2

indirectly, a state court adjudication. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); In re Knapper, 407 F.3d 573 (3d Cir. 2005). The Supreme Court has explained that this doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Thus, to the extent that the relief Russo requests would require rejection of the state court's judgments, the District Court lacked jurisdiction over those claims.

Russo also argues on appeal that his due process rights were violated by his prior counsel's ineffective assistance. However, Russo has no right to effective counsel in a civil case. Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980). We agree with the District Court that Russo was not entitled to any relief under the Gramm-Leach-Bliley Act. Russo's due process rights were not violated when a police officer and housing inspector allegedly entered the property after it was sold.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment. The motion to dismiss the appeal filed by Jack Bernard and Peter and Susanna Antipas on April 10, 2006, is denied as moot. The motion to dismiss the appeal filed by RCS Searchers is denied as moot.