620 F.2d 404
 55 A.L.R.Fed. 513
 KUSHNER, Marvin and Kushner, Dolores, husband and wife, Appellants,
v.
WINTERTHUR SWISS INSURANCE COMPANY, Emhart A.G. and Emhart
Corporation and Hill Refrigeration Division of
Emhart Industries.
 No. 79-2383.
 United States Court of Appeals,
Third Circuit.
 Submitted under Third Circuit Rule 12(6) April 22, 1980.
Decided April 30, 1980.
 
 Robert P. Weiner, Zarwin, Baum, Arangio & Ross, Philadelphia, Pa., for appellants.
 Bruce D. Lombardo, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, Pa., for Winterthur Swiss Ins. Co. and Emhart A.G.
 Austin Hogan, Krusen, Evans & Byrne, Philadelphia, Pa., for Emhart Corp. and Hill Refrig. Div., etc.
 Before ALDISERT, WEIS and GARTH, Circuit Judges.
 OPINION OF THE COURT
 ALDISERT, Circuit Judge.
 
 
 1
 The Federal Rules of Appellate Procedure and the rules of this court set forth certain requirements to be observed by litigants pressing appeals in this court. This appeal requires us to decide what sanctions should be imposed, first, under our Rule 21[1] when the requirements for briefs and appendices have not been observed, and second, under Rule 54(b), Federal Rules of Civil Procedure, when the order from which an appeal is taken indicates that it "adjudicates . . . the rights and liabilities of fewer than all the parties," but appellants have represented that the appeal is from a final judgment "in accordance with 28 U.S.C. 1291 (sic)."
 
 
 2
 Appellants filed a complaint sounding in diversity in the district court, seeking compensation for personal injuries suffered in an automobile collision that occurred in Zurich, Switzerland on August 2, 1977. Named as defendants were Emhart A.G., a Swiss corporation, and Hill Refrigeration Division of Emhart Industries, a New Jersey corporation, both wholly owned subsidiaries of Emhart Corporation, a Connecticut company that was also named as a defendant. The fourth defendant named was Winterthur Swiss Insurance Company, a New York corporation doing business in Switzerland and the liability insurance carrier for Emhart A.G.
 
 
 3
 All defendants filed motions to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. The motion of defendant Emhart A.G. was based upon lack of personal jurisdiction. Winterthur also moved to dismiss for lack of personal jurisdiction, and additionally on the basis that no direct action could be sustained against Winterthur Swiss Insurance Company under Pennsylvania or Swiss law. On August 16, 1979, the district court granted the motions of Emhart A.G., Emhart Corporation, and Winterthur. The court denied the motion to dismiss presented by Hill Refrigeration and ordered it to file an answer. On September 6, 1979, the remaining defendant, Hill Refrigeration, filed interrogatories, a notice of deposition, and its answer to the complaint. On September 17, 1979, notice of appeal was received and filed in the district court, and on September 19, 1979, a copy of the notice of appeal was received by this court.
 
 I.
 
 4
 The rules of this court, supplementing the Federal Rules of Appellate Procedure, have been effective in their present form since September 1, 1978. Third Circuit Rule 21(2)(A)(g) and Rule 32(a), Federal Rules of Appellate Procedure, provide in relevant part:
 
 
 5
 The front covers . . . of the briefs and of appendices, if separately printed, shall contain: . . . (5) the names and addresses of counsel representing the party on whose behalf the document is filed.
 
 
 6
 On December 21, 1979, a document was filed with the Clerk entitled: "BRIEF FOR PLAINTIFFS-APPELLANTS, MARVIN AND DOLORES KUSHNER APPENDIX." Contrary to the requirements of this rule, the names and addresses of counsel were not set forth on the cover; indeed, this information appears nowhere in the document.
 
 Third Circuit Rule 10(3) provides:
 
 7
 Contents of Appendix. As required by Rule 30(a), Federal Rules of Appellate Procedure, the appellant shall prepare and file an appendix to the briefs which shall contain: (1) the relevant docket entries in the proceeding below; (2) any relevant portions of the pleadings, charge, or findings; (3) the judgment, order or decision in question; and (4) any other parts of the record to which the parties wish to direct the particular attention of the court. In addition, the appendix shall contain: (5) a table of contents with page references; (6) the notice of appeal and (7) the memorandum or opinion of any trial court subject to review. If the court by order has dispensed with the requirement of an appendix, items (1), (3), (6) and (7) shall be included in appellant's brief. See also Rule 21(2)(A)(a).
 
 
 8
 Contrary to the requirements of Rule 10(3)(1) and Fed.R.App.P. 30(a)(1), the appendix does not contain the relevant docket entries in the proceedings below. Contrary to the requirement of Rule 10(3)(5), the appendix is not paginated; instead, it takes the form of a collection of exhibits with each segment bearing an introductory letter of the alphabet. And contrary to the requirement of Rule 10(3)(6), the appendix does not contain the notice of appeal.
 
 
 9
 The Federal Rules of Appellate Procedure govern the processing of appeals, and are the product of much careful thought by the Advisory Committee on Appellate Rules, the Committee on Rules of Practice and Procedure, the Supreme Court, and the Congress. They set forth the requirements a litigant must observe if the merits of the appeal are to be considered properly by the United States Courts of Appeals. They have the force and effect of statutes. See 28 U.S.C. §§ 2071-72.
 
 
 10
 The Third Circuit Rules have been designed to meet the particular needs of this court, which has jurisdiction over three states and one territory with a population of approximately eighteen million people. Our rules relating to the contents of briefs and appendices were drafted after much deliberation by the judges and after consideration by this court's Lawyers Advisory Committee. They were drafted with a view toward assisting the processing of the geometric increase of cases in this court in the past couple of decades. For example, in 1960, when there were seven Third Circuit Judges, 296 appeals and original proceedings were filed in this court. By 1969, one judge had been added and the number of filings had risen to 671; ten years later, with only nine judges, the number of filings had reached 1,702.[2]
 
 
 11
 Expressed in terms of the caseload per judge, in 1968 each active judge on this court was assigned 90 fully briefed appeals and original proceedings for disposition on the merits. This year each active judge has been assigned 275 fully briefed cases on the merits.[3] This does not include consideration of an increasingly burdensome volume of motions and petitions for rehearing. If the court is not supplied with the proper tools to decide cases, then extremely valuable time, already severely rationed, must be diverted from substantive work into correspondence and communications with the Clerk and counsel to obtain the vital information negligently or deliberately omitted from the appendix.
 
 
 12
 For example, the appendix offered by counsel in this case contains no notice of appeal. Yet the threshold question in every appeal is the jurisdiction of this court, which includes both federal court subject matter jurisdiction as well as appealability. In every case, the court examines the notice of appeal, the order appealed from, and the district court docket entries to determine whether the appeal is from a judgment in accordance with 28 U.S.C. § 1291, or lies within a specific exception for interlocutory decision provided in 28 U.S.C. § 1292. If the appeal is from an action involving multiple claims or multiple parties, as here, the court must determine whether the judgment appealed from was final as to all claims and parties, or whether the district court has made a proper express determination that there is no just reason for delay and an express direction for the entry of judgment under Rule 54(b), Federal Rules of Civil Procedure. Because appellants here failed to provide the court with a list of docket entries or a notice of appeal, much valuable time had to be expended by three judges and personnel of the Clerk's office repairing an incomplete brief and appendix, when this time would have been better spent in considering the merits of cases that are presented to us in proper form.
 
 
 13
 The failure of some members of the bar to observe the basic requirements for briefs and appendices has long troubled this court, although we have been loathe to impose sanctions. For example, in United States v. Somers, 552 F.2d 108, 115 (3d Cir. 1977), we said:
 
 
 14
 Heretofore we have hesitated to suppress appellate papers or to dismiss appeals for failure to comply with appellate rules. However, presentations such as the instant one go a long way toward dispelling that hesitation. We can no longer afford the effort and time to prepare counsels' case and to supply counsels' record deficiencies. Henceforth, our displeasure with counsels' refusal, failure or unwillingness to master our procedures will necessarily result in the imposition of appropriate sanctions. Third Cir.R. 21(3).
 
 
 15
 We now decide not to expend any more valuable judicial time performing the work of errant counsel, a practice that worked a tremendous disservice to the bulk of the litigants who appear before us represented by diligent counsel who do observe our rules. We are deciding this case deliberately, with an awareness of the institutional and precedential value of our decision. We dismiss this appeal for failure to file an appendix that conforms to our rules, in accordance with the authority set forth in Rule 21(3), quoted in note 1, supra. Cases similar to this in which counsel fail to observe the Federal Rules of Appellate Procedure and the rules of this court may also result in dismissal of appeals.
 
 
 16
 We have explained the practical reasons for our action. There is jurisprudential justification for our decision as well. Each appellant in this court must of necessity allege that the district court violated some rule of substantive or procedural law relating to the finding of facts, the exercise of discretion, the choice of proper legal precept, the interpretation of the precept chosen, or its application to the facts as found. The litigant, then, who charges that the rules were not followed in the district court should himself follow the rules when he applies for relief in this court. Sauce for the goose is sauce for the gander.
 
 
 17
 It may be argued that dismissal of an appeal under these circumstances unduly penalizes a litigant for the dereliction of errant counsel. The short answer in this case, however, is that for the separate reason that we dismiss this particular appeal, see Part II infra, the litigants here will have a second opportunity to lodge a timely appeal. When this opportunity is not present, the appellant may wish to proceed against his or her counsel in an action for malpractice. "An aggrieved party in a civil case, involving only private litigants unlike a defendant in a criminal case, does not have a constitutional right to the effective assistance of counsel. The remedy in a civil case, in which chosen counsel is negligent, is an action for malpractice." Dilliplaine v. Lehigh Valley Trust Co., 457 Pa. 255, 260, 322 A.2d 114, 117-18 (1974) (Manderino, J., concurring).
 
 
 18
 This appeal will be dismissed on the authority of Rule 21(3), because the appendix does not comply with the rules of this court. Alternatively, it will be dismissed for the reasons hereinafter set forth.[4]
 
 II.
 
 19
 Third Circuit Rule 21(1)(A) provides in pertinent part:
 
 
 20
 Brief of the Appellant or Petitioner. The brief of the appellant or petitioner shall contain under appropriate headings and in the order here indicated:
 
 
 21
 (b)(i) If the appeal is from the judgment of a district court, a statement of subject matter jurisdiction containing a certification that the appeal is from a final judgment in accordance with 28 U.S.C. § 1291; or is a specific exception for interlocutory decisions as provided in 28 U.S.C. § 1292; or, if the appeal is from an action involving multiple claims or multiple parties, a certification that the final judgment applies to all claims or parties, or that the district court has made a proper express determination that there is no just reason for delay and an express direction for the entry of judgment under F.R.C.P. 54(b). . . .
 
 
 22
 The order of the district court from which this appeal is taken provides in relevant part:
 
 
 23
 It is ORDERED that the respective motions to dismiss with prejudice of defendants, Emhart A.G., Emhart Corporation and Winterthur Swiss Insurance Company, be and are hereby GRANTED.
 
 
 24
 It is further ORDERED that the motion to dismiss of defendant, Hill Refrigeration Division of Emhart Industries, is DENIED. Defendant shall file an answer within twenty (20) days of the date of this Order. All discovery shall be completed by October 15, 1979. Any motion for summary judgment shall be filed on or before October 15, 1979.
 
 
 25
 Appendix at last unnumbered page.
 
 
 26
 Appellants' brief and appendix do not refer to an order of the district court making a determination that there is no just reason for delay and including an express direction for the entry of judgment under Fed.R.Civ.P. 54(b). Our independent examination of the district court docket entries reveals no such express order. Yet it should be hornbook law to any lawyer who elects to practice in federal court that Rule 54(b) governs the appealability of cases involving multiple parties and claims. E. g., C. Wright, Law of Federal Courts § 101 at 506-07 (3d ed. 1976). In any case, our Rule 21(1)(A)(b)(i) clearly alerts every litigant to the existence of the Rule 54(b) problem. Still appellants failed to notify the court of the true state of the record. This development reflects either gross negligence or deliberate misrepresentation on the part of appellants' counsel. We wish to believe that it is the former and not the latter.
 
 
 27
 We note with extreme melancholy that this case is not an isolated example, but one of dozens of appeals dismissed each year by this court after the cases have been fully briefed and assigned to a panel of judges for disposition on the merits. Lack of compliance with Rule 21 is another unhappy commentary on the professionalism of a relatively small number of lawyers who appear before us. Their dereliction dissipates the energies of the court, distracting our consideration from the merits of other cases, the great bulk of which are handled by competent counsel who have made themselves familiar with federal procedural and substantive law.
 
 
 28
 Accordingly, we will dismiss this appeal for two independent and discrete reasons: for failure to comply with Third Circuit Rules and for lack of jurisdiction.
 
 
 29
 Costs taxed against appellants' counsel.
 
 
 
 [1]
 Third Circuit Rule 21(3) provides in part:
 If the court shall find that the provisions of this rule have not been adhered to, it may, in its discretion, impose sanctions as it may deem appropriate, including but not limited to the dismissal of the appeal, imposition of costs or disciplinary sanctions upon counsel.
 
 
 [2]
 Table X-6, "Appeals Commenced in the U.S. Courts of Appeals," Annual Report of the Director, Administrative Office of the United States Courts, at A-174 (1979)
 
 
 [3]
 It should be noted that this caseload exceeds by twenty-two percent the assignment per judge recommended in P. Carrington, D. Meador, & M. Rosenberg, Justice on Appeal (1976). These authors recommended 225 cases on the merits each year for United States Circuit Judges. Id. at 196
 
 
 [4]
 When two independent reasons support a decision, neither can be considered obiter dictum ; each represents a valid holding of the court. California v. United States, 438 U.S. 645, 689 n. 10, 98 S.Ct. 2985, 2992 n. 10, 57 L.Ed.2d 1018 (1978) (White, J., dissenting); Healey v. Catalyst Recovery of Pennsylvania, Inc., 616 F.2d 641, 654 (3d Cir. 1980) (Aldisert, J., dissenting)