CONNECTICUT GENERAL LIFE
INSURANCE COMPANY,
Plaintiff-Appellee,

v.

CHICAGO TITLE AND TRUST COMPA-
NY, not individually but as Trustee of
Trust No. 10–69000, under Trust Agree-
ment dated May 1, 1976, et al., Defend-
ants-Appellants.

Jill GRAVES, Plaintiff-Appellant,

v.

Dale STOCKLEY, Clerk of the Circuit
Court of LaSalle County,
Defendant-Appellee.

Nos. 82–1775, 82–1446.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 17, 1982.

Decided Oct. 1, 1982.

Patrick T. Murphy, Chicago, Ill., for plaintiff-appellant in No. 82–1446.

William J. Harte, Chicago, Ill., for defendants-appellants in No. 82–1775.

Donald R. Harris, Jenner & Block, Chicago, Ill., for plaintiff-appellee in No. 82–1775.

James A. Lanuti, Asst. State's Atty., Ottawa, Ill., for defendant-appellee in No. 82–1446.

POSNER, Circuit Judge.

I have before me two motions, in two different appeals, for leave to file briefs "instanter"; that is, the brief is submitted with the motion. As the filing of such motions has regrettably become commonplace in this court, I have decided it would be useful to the bar of the circuit to dispose of these motions by published opinion.

In No. 82–1775, the appellants filed and were granted five successive motions to extend the time in which to file their appeal brief. The order granting the last motion, to August 18, stated that no further extensions would be granted. Nonetheless, on September 3 the appellants filed a motion for leave to file their brief instanter. The attorney's affidavit accompanying this motion alleges in perfunctory fashion conflicting commitments in other litigation. It does not explain why the motion is untimely or refer to the statement in the previous—and fifth—order granting an extension of time that no further extensions would be granted.

The motion is DENIED. The rules of this circuit make no provision for filing untimely motions for extensions of time, that is, motions filed after the original or extended due date of the brief. On the contrary, Circuit Rule 8(a) requires that a motion for

extension of time to file a brief "shall be filed at least five days before the brief is due," with exceptions not pertinent here. (Two of the appellants' previous motions for extension of time failed to comply with the five-day requirement.) The rule sets out other requirements for such motions which the appellants have ignored, such as that "if the time for filing the brief has been previously extended, the affidavit shall set forth the filing date of any prior motions and the court's ruling thereon."

There is no provision in the rules of this circuit for circumventing the requirements of timely filing of motions for extensions of time within which to file briefs by submitting, after the date (as extended by any order of the court) that the brief is due, a motion to file the brief "instanter." Circuit Rule 8(b)(1) provides that when an appellant's original brief is not filed when due, "the clerk shall enter an order directing [retained] counsel to show cause within 14 days why the appeal should not be dismissed" for want of prosecution. The appellants in No. 82–1775 are represented by retained counsel and I have therefore directed the Clerk to enter such an order.

In No. 82–1446, it is the appellee who has filed a motion for leave to file his brief instanter. The appellant had received an extension of time to August 2 to file her brief, but she served and filed it earlier, on July 6, and the appellee had 30 days within which to file his brief. Fed.R.App.P. 31(a). Without seeking an extension of time he filed his brief, along with a motion for leave to file it, on September 2. He says he thought he had until 30 days after the date to which the appellant had had her time extended (August 2), rather than 30 days after her brief was served, in which to file. This is not a reasonable mistake in view of the unambiguous language of Rule 31(a) of the Federal Rules of Appellate Procedure; and again, whether reasonable or not, it cannot under our rules be rectified by filing an untimely motion for an extension of time, or by filing the brief itself after the deadline for filing it has passed.

Circuit Rule 8(c) provides that "when an appellee's brief is not filed on time, the clerk shall enter an order requiring the appellee to show cause within 14 days why the case should not be treated as ready for oral argument and submission, and the appellee denied oral argument." The motion for leave to file brief instanter in No. 82–1446 is DENIED, and the Clerk will enter an order to show cause.

Circuit Rule 8 sets forth strict and narrow standards for extensions of time for filing briefs in this court. Although in my intermittent tours of duty as motions judge I have not always been consistent in applying this rule, and at times have granted motions that either did not comply with the requirements of the rule or did not even exist under the rule (such as motions to file briefs instanter), I am afraid that such laxity, by undermining respect for Circuit Rule 8, only increases the number of frivolous motions filed in this court, wastes the time of judges and staff attorneys, and delays the disposition of many appeals. "[O]ur decrees,/Dead to infliction, to themselves are dead,/And liberty plucks justice by the nose." *Measure for Measure,* act I, sc. iii, lines 27–29. Cf. *Kushner v. Winterthur Swiss Ins. Co.,* 620 F.2d 404 (3d Cir. 1980).