

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2006

# Cuffee v. Dover Wipes Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2457

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Cuffee v. Dover Wipes Co" (2006). *2006 Decisions*. Paper 1775.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1775

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2457
_____

CORINTHIAN T. CUFFEE,
Appellant
v.

DOVER WIPES COMPANY, an Ohio Corporation;
PROCTER & GAMBLE CO., an Ohio Corporation

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 03-cv-00276)
District Judge: Honorable Sue L. Robinson
_____

Submitted Under Third Circuit LAR 34.1(a)
JANUARY 4, 2006

Before:    MCKEE, FUENTES AND NYGAARD, Circuit Judges.

(Filed:  January 9, 2006)

_____

OPINION
_____

PER CURIAM

        Corinthian Cuffee appeals the District Court's order denying his motions for a new

trial.  Cuffee filed a complaint in the District Court for the District of Delaware alleging

several claims of employment discrimination. After the District Court granted summary judgment on several claims in favor of the appellees, a trial was held on his claims under the Equal Pay Act (EPA), Title VII, and 42 U.S.C. § 1981. The jury found in favor of the appellees on all claims. Cuffee filed motions for a new trial which the District Court denied. Cuffee filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

On appeal, Cuffee argues that the District Court allowed the appellees to exercise a peremptory challenge based on race in violation of Batson v. Kentucky, 476 U.S. 79 (1986). He further contends that the District Court erred in allowing the admission of appellees' job classification system. Finally, Cuffee asserts that fundamental fairness requires that he been given a new trial because his attorneys were ineffective.

We review the District Court's finding that there was no intentional discrimination in the exercise of peremptory challenges for clear error. Forrest v. Beloit Corp., 424 F.3d 344 (3d Cir. 2005). Because the District Court's finding depends largely on the credibility and demeanor of the attorney exercising the peremptory strike, the finding is entitled to considerable deference. It will not be overturned unless "it is completely devoid of minimum evidentiary support displaying some hue of credibility, ... or bears no rational relationship to the supportive evidence." Id at 350. (citation omitted). Appellees' counsel explained that he struck the juror at issue because "he's a factory worker and in this case I don't think that's the kind of juror that I want. So I did this before he even got here, before he was even selected. I didn't know what his race was . . . ." Tr. 10/12/04 at

Appellees used their three strikes on jurors with occupational backgrounds similar to Cuffee. The District Court was able to observe the demeanor of the appellees' counsel, and there is evidence to support its finding that the appellees did not exercise a peremptory challenge based on race. The District Court did not commit clear error in finding that Cuffee had not carried his burden to show a violation of <u>Batson</u>.

The District Court's admission of evidence is reviewed for an abuse of discretion. <u>Forrest</u>, 424 F.3d at 344. The admission of the evidence of appellees' job classification system was not an abuse of discretion. The evidence was relevant to appellees' defense and was not unfairly prejudicial to Cuffee. As for Cuffee's dissatisfaction with his attorneys' performance, the District Court did not abuse its discretion in denying Cuffee a new trial on that ground because civil litigants do not have a right to effective counsel. <u>See</u> <u>Kushner v. Winterthur Swiss Ins. Co.</u>, 620 F.2d 404, 408 (3d Cir. 1980).

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment.