**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-1203
_____

SOLANGE CHADDA,

Appellant

v.

TERRY MAGADY; TOM BLOCK; DOES 1-50, INCLUSIVE;
DOES 51-100 INCLUSIVE, ALL PERSONS UNKNOWN, CLAIMING
ANY LEGAL OR EQUITABLE RIGHT, TITLE ESTATE,
LIEN, OR INTEREST IN THE PROPERTY DESCRIBED
IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE
HERETO NAMED

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 1-11-cv-05339)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2012

Before:  SLOVITER, SMITH AND COWEN, Circuit Judges

(Opinion filed: June 4, 2012 )
_____

OPINION
_____

PER CURIAM

1

This case arises from a dispute over property located at 507 North Highland Avenue in Los Angeles, California. It appears that, in November 2007, the appellee, Tom Block, obtained title via trustee's sale to the property, which was previously owned by the appellant, Solange Chadda. Chadda filed three separate actions in the California state courts challenging the sale of the property, all of which were unsuccessful.

In August 2011, shortly after the California proceedings ended, Chadda commenced the present action in the United States District Court for the Eastern District of Pennsylvania against Block and his attorney, Terry Magady. In the complaint, Chadda alleged that Block and Magady had committed fraud, forgery and bribery to obtain title to the property. In response, Block and Magady moved to dismiss the complaint on the ground that, inter alia, the District Court lacked subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Chadda then amended the complaint, adding two claims that she believed "stated a federal issue": first, that the property sale violated a stay order that had been put into place during bankruptcy proceedings, and second, that the defendants' conduct violated the Pennsylvania Fair Credit Extension Uniformity Act (PFCEUA). Block and Magady submitted an amended motion to dismiss, and Chadda filed a second amended complaint. Chadda also filed a motion for appointment of counsel.

By order entered December 20, 2011, the District Court dismissed the complaint on the ground that Chadda had failed to allege facts establishing federal question jurisdiction. See 28 U.S.C. § 1331(a). The court explained that Chadda's fraud and PFCEUA claims arise under state law, and that her claim concerning the automatic stay must be filed in the bankruptcy court

2

where the bankruptcy action is pending. The court denied Chadda's motion for appointment of counsel as moot.[1] Chadda now appeals from the District Court's order.

We will affirm.[2] Chadda's primary argument on appeal is that the District Court violated her constitutional rights by denying her motion for appointment of counsel. Contrary to her contention, however, she did not have a right to the assistance of counsel in these civil proceedings. See Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980) (explaining that a civil litigant, unlike a criminal defendant, does not have a constitutional right to effective assistance of counsel). In the remainder of her brief to this Court, Chadda merely repeats her allegations that Block and Magady obtained the Los Angeles property through fraud, and that Magady committed malpractice in connection with the transaction. As the District Court explained, such allegations raise—at best—tort claims under state, and not federal, law. Her citation to "due process" does not transform these state-law claims into causes of action "arising under" the Constitution or federal law. See 28 U.S.C. § 1331. Because none of Chadda's other allegations presents a federal question, we agree with the District Court that Chadda's complaint, as amended, does not satisfy the jurisdictional prerequisites for suit in federal court.

Accordingly, we will affirm the District Court's order.

[1] The District Court also determined that Chadda was a vexatious litigant and entered an order enjoining her from filing any further actions in the Eastern District of Pennsylvania without receiving prior authorization. The court further enjoined her from filing complaints relating in any way to the defendants or property named in the present matter. Chadda does not seek review of this order.

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal for lack of subject-matter jurisdiction. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006).