DLD-273                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4322
_____

KEITH M. PORTER,

Appellant

v.

DEAN DOOLEY; FRANKLY PARREDES;
HEIDI CLAYTON, Officer's of the Atlantic City Police Department
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-09-cv-06068)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 6, 2013

Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: June 19, 2013)
_____

OPINION
_____

PER CURIAM

1

Keith M. Porter, a New Jersey inmate proceeding pro se, appeals from the adverse judgment of the United States District Court for the District of New Jersey in a civil rights action he initiated pursuant to 42 U.S.C. § 1983. For the following reasons, we will summarily affirm the District Court's judgment.

Porter is currently serving a state prison sentence after pleading guilty to second-degree robbery and third-degree resisting arrest. The charges stemmed from a purse snatching that occurred on the night of March 4, 2008, on Atlantic Avenue in Atlantic City, New Jersey. The victim immediately reported the robbery to police and provided a description of the suspect. Police canvassed the area and encountered Porter, who matched the description provided by the victim. Porter fled and subsequently struggled with officers to avoid apprehension. During the struggle, a police dog was released and bit Porter on his leg, causing him to spend at least one night in a local hospital.

Shortly after pleading guilty to the criminal charges, Porter filed a civil rights complaint in the District Court, alleging that the arresting officers had used excessive force in violation of his Fourth Amendment rights. The defendants moved for summary judgment, arguing that Porter's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994), and in any case the defendants were entitled to qualified immunity. The District Court denied the motion and the case proceeded to a jury trial. Pro bono counsel was appointed to represent Porter. The jury found in favor of the defendants and the District

2

Court entered judgment accordingly. Porter filed no post-trial motions. He filed a timely notice of appeal directly from the District Court's entry of judgment.

We have jurisdiction under 28 U.S.C. § 1291. We may affirm for any reason supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

Porter has indicated two arguments he wishes to press on appeal: (1) the jury rendered an erroneous verdict based on flawed findings of fact; and (2) his attorney rendered ineffective assistance of counsel. Porter cannot obtain relief from this Court on either ground. Where no post-verdict motions are filed and the appeal is directly from the judgment entered according to the jury's verdict, our ability to review sufficiency of the evidence is curtailed and our actions are limited to affirmance or remand for a new trial upon showing of prejudicial legal error. See Unitherm Food Sys. v. Swift-Eckrich, Inc., 546 U.S. 394, 400-01 (2006). In addition, although the Sixth Amendment has long been held to grant an indigent defendant the right to effective assistance of counsel in a criminal case, the right does not attach in civil cases such as this one. See Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980).

Our review of the trial record reveals no other substantial question raised by this appeal. We note that the District Court denied the defendants' motion for summary judgment, allowed the case to proceed to a jury trial, and provided Porter with court-appointed counsel. Because we conclude that this appeal does not present a substantial question, we will also deny Porter's motion to be provided with free transcripts. See 28

U.S.C. § 753(f). To the extent that any of Porter's motions for an extension of time to file a document in support of appeal pursuant to L.A.R. 27.4 and I.O.P. 10.6. are still pending, they are denied. Because we will summarily affirm the District Court's judgment, Appellees' cross-motion to dismiss the appeal is denied as unnecessary.