NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-1001
_____

DOUGLAS CHASE,
                                        Appellant

v.

CITY OF PHILADELPHIA; OFFICER HOWARD; WARDEN WILLIAM  LAWTON;
SGT. DENISE FELDER; OFFICER CARLOS GONZALEZ;  LT JAMES LAKE;
OFFICER WASHINGTON; LT JAMES HAMILTON; COMMISSIONER LOUIS
GIORLA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 11-cv-00283)
District Judge:  Honorable Norma L. Shapiro

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2015
Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed:  August 7, 2015)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Douglas Chase, a Pennsylvania inmate proceeding pro se, appeals from the judgment entered in favor of the defendants following a jury trial in the United States District Court for the Eastern District of Pennsylvania. We will affirm.

In 2011, Chase filed a civil rights complaint, which was later amended by appointed counsel,[1] against the City of Philadelphia, the Philadelphia Prison System, and various prison officials and correctional officers. Chase alleged that he was sexually and physically assaulted while he was incarcerated as a pretrial detainee.[2] On November 21, 2012, the District Court approved a stipulation which dismissed the Philadelphia Prison System. Following a pretrial conference and oral argument, the District Court dismissed the supervisory prison official defendants by order entered October 1, 2013. The case proceeded to a jury trial against Officer Howard, Sergeant Felder, Officer Gonzalez, and Officer Washington. The District Court held as a matter of law that Officer Gonzalez was not liable. After the jury returned a verdict in favor of the remaining defendants, the District Court entered final judgment in their favor on the excessive force claims pursuant

---

[1] Chase's first appointed attorney was granted permission to withdraw from the case due to an inability to maintain an attorney-client relationship. New counsel was appointed but later withdrew due to a conflict of interest. The third appointed attorney represented Chase through the adjudication of the claims relevant to this appeal.

[2] The amended complaint also alleged that Chase's rights were violated when, as a pretrial detainee, he was forced to sleep on a mattress on the floor of a cell meant for two prisoners ("triple-celling"). The District Court granted the defendants' motion to sever this conditions-of-confinement claim from Chase's excessive force claims.

to Federal Rule of Civil Procedure 54(b).[3]  Chase appealed.  We have jurisdiction under 28 U.S.C. § 1291.[4]

Chase's primary complaints on appeal concern alleged "incompetence of counsel." For example, he asserts that appointed counsel "sabotaged" his case by failing to introduce the "Philadelphia Prison policy concerning inmate rape," failing to seek evidence concerning a dog which allegedly attacked him, failing to demonstrate that the defendants were "hid[ing] evidence," and failing to challenge the Philadelphia Prison System's investigation into his sexual assault allegations.  In support of his claims, Chase cites Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  But Strickland's discussion of the Sixth Amendment standard for ineffective assistance of counsel applies only to criminal proceedings.  Because there is no constitutional right to effective assistance of counsel in civil proceedings, Chase's complaints about his attorneys' performance fail.[5]  See Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980).

---

[3] The District Court noted that Chase's triple-celling claim remained for adjudication. See footnote 2, supra.

[4] The Appellees argue that the appeal should be dismissed because Chase's appeal is "wholly deficient."  See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (stating that an appellant is "required to set forth the issues raised on appeal and to present an argument in support of those issues in [his] opening brief.").  While Chase's arguments are at times difficult to discern, after a liberal reading of his brief, we conclude that he has sufficiently preserved for review his "incompetence of counsel" and discriminatory jury selection claims.  See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009) (noting that the Court has an obligation to liberally construe the submissions of a pro se litigant).

[5] Moreover, there is no merit to Chase's allegation that he was denied his right to self-representation.  The Sixth Amendment right to self-representation does not apply to civil proceedings.  See Austin v. United States, 509 U.S. 602, 608 (1993).  Moreover, although

Chase also contends that the defendants' use of a preemptory strike to dismiss an African-American individual in the jury pool violated his Fourteenth Amendment rights. See Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 631 (1991) (extending Batson v. Kentucky, 476 U.S. 79 (1986) to civil trials and holding that a private litigant may not use peremptory challenges to exclude jurors on account of their race). The Appellees argue that Chase waived the issue by agreeing to the dismissal of that juror and that, even if not waived, the issue lacks merit because there was a race-neutral reason for the challenge. We agree. At trial, the District Court noted on the record that Chase had been made aware of the "Batson issue, the issue of not having African-Americans on the jury and that he waived his – the Batson challenge." See Clausell v. Sherrer, 594 F.3d 191, 194-95 (3d Cir. 2010) (failure to object at trial to the discriminatory use of peremptory challenges "forfeits the right to raise a Batson claim on appeal.").

In addition, there is no error in the District Court's conclusion that the juror, "quite apart from his being African-American," had a "language impediment and . . . [was not] qualified to sit in judgment." Snyder v. Louisiana, 552 U.S. 472, 477 (2008) (holding that District Court determinations as to discriminatory intent are findings of fact reviewed only for clear error).

For the foregoing reasons, we will affirm the judgment of the District Court.

civil litigants have a right to proceed pro se, see 28 U.S.C. § 1654, "the right to self-representation must be timely asserted," O'Reilly v. New York Times Co., 692 F.2d 863, 867 (2d Cir. 1982), and the request for self-representation generally must be "clear and unequivocal." United States v. Bennett, 539 F.2d 45, 50-51 (10th Cir. 1976). Here, Chase made repeated requests for court-appointed counsel, and waited until the middle of trial to seek permission to represent himself.