**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2139
_____

KIMZIAH MORFIAH, as Administratrix of
Estate of Adolphus K. Pinkney and in her own right

v.

CITY OF PHILADELPHIA; PO WALI SHABAZZ, individually and in his capacity as a
Philadelphia Police Officer; JOHN DOE POLICE OFFICERS, individually and in their
capacities as Philadelphia Police Officers

Kimziah Morfiah,
                          Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 13-cv-05995)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 3, 2016
Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed August 5, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Kimziah Morfiah, proceeding pro se, appeals from a judgment entered after a jury trial in the United States District Court for the Eastern District of Pennsylvania. For the reasons that follow, we will affirm.

The parties are familiar with the facts, so we will only briefly revisit them here. On October 15, 2011, Philadelphia police officers Joseph Rapp and James Boone responded to a radio call reporting a person with a gun. When the officers arrived at the scene, they encountered Morfiah's son, Adolphus K. Pinkney. Officer Boone realized that Pinkney was carrying a revolver and yelled, "Gun! Gun!" Pinkney fired at Officer Rapp. The officers returned fire, killing Pinkney. Morfiah, proceeding in her own right and as administratrix of Pinkney's estate, filed a counseled civil lawsuit against the City of Philadelphia and the police officers who were involved in the shooting. Following a six-day trial, the jury returned a verdict in favor of the defendants. Morfiah, proceeding pro se, appealed.

Morfiah argues that she is entitled to a new trial because the jury's verdict was against the weight of the evidence. In particular, she claims that the jury failed to consider inconsistencies in certain witnesses' testimony, which affected their credibility. But because Morfiah did not file a motion for a new trial in the District Court, the issue is waived. See Lesende v. Borrerro, 752 F.3d 324, 334 (3d Cir. 2014) ("The City's failure to seek [a new trial on liability] from the District Court results in the waiver of that issue on appeal."). Although we have the discretion to review waived issues, we have limited such review to cases presenting exceptional circumstances. Webb v. City of Phila., 562

2

F.3d 256, 263 (3d Cir. 2009). Morfiah's challenge to the weight of the evidence does not present an exceptional circumstance. Indeed, the jury's verdict was supported by the testimony of the police officers, a pathologist, and a crime scene investigator. Cf. Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1076 (3d Cir. 1996) (en banc) (holding that a new trial should be granted only where the "great weight" of the evidence cuts against the verdict and "where a miscarriage of justice would result if the verdict were to stand."). According to the testimony of those witnesses, the officers shot Pinkney immediately after he fired at them with a revolver, Pinkney was not shot after he died, and his body was not dragged across the street. See Tennessee v. Garner, 471 U.S. 1, 11-12 (1985) (providing that it is not constitutionally unreasonable to use deadly force where a police officer has good reason "to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others.").

Morfiah further alleges that the paramedics who responded to the shooting were negligent. We will not consider this claim, however, because it was not raised in the District Court. See Harris v. City of Phila., 35 F.3d 840, 845 (3d Cir. 1994). Furthermore, although Morfiah complains about her attorney's performance at trial, there is no right to effective counsel in a civil case. See Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980). Rather, the remedy in such a case is a malpractice action against the attorney. Id.

Morfiah also raises several challenges to the trial judge's management of the trial. For instance, she alleges that the trial judge did not properly respond when a juror fell asleep during opening statements, when one of her witnesses had an outburst at the end of

the day that was overheard by the jurors,[1] and when a defendant police officer "aggressively stared" at her family and witnesses. We conclude, however, that the trial judge appropriately addressed each of these incidents. See Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 609 (3d Cir. 1995) (stating that a District Court's "decisions in its management of a trial [are reviewed] for abuse of discretion.").

The trial judge and counsel for both parties discussed the sleeping juror. Morfiah's attorney agreed that the juror did not need to be removed and did not object to the trial judge's proposal that the clerk remind the juror at the beginning of each day not to sleep. With respect to the outburst, which involved a witness loudly indicating that he was being taunted by a defendant, the trial judge questioned each of the jurors about what they heard, about the witness's statements outside the courtroom, and about whether they could continue to be fair and impartial. After the jurors said that they could, defendants' attorney stated that he would not move for a mistrial and the trial judge permitted the case to go forward. Finally, according to reports made to the trial judge, one of the police officer defendants aggressively stared at Morfiah's family and witnesses. In response, the trial judge told the officer that "[i]f it is occurring, I would ask you to stop." The trial judge further noted that "this is a volatile situation" and warned the officer that "we could end up with a mistrial." After being questioned by the trial judge, none of the jurors indicated that they had observed any behavior by any of the parties that gave them cause for concern. Morfiah's attorney did not object to this resolution. Under these

---

[1] Following this outburst, the witness attempted to apologize to the jurors as they exited the courtroom.

circumstances, we conclude that the trial judge properly addressed the sleeping juror, reasonably concluded that the jury could render an impartial verdict, and appropriately addressed the allegations concerning the officer's behavior.

For the foregoing reasons, we will affirm the judgment of the District Court.