**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1181
_____

TRAVIS SCOTT CONKLIN,
Appellant

v.

M.D.  HALE; LT. BRIGGER; ROCKWELL

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. 1-13-cv-00132)
District Court Judge:  Honorable Terrence F. McVerry

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 14, 2017

Before:  SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 21, 2017)
_____

OPINION[*]
_____

PER CURIAM

Travis Scott Conklin, a prisoner, appeals the District Court's judgment entered

after a bench trial in his civil rights lawsuit.  We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Conklin filed suit under 42 U.S.C. § 1983 against Corrections Officer Rockwell, claiming that Rockwell used excessive force when subduing him.[1] The case proceeded to a bench trial, where Conklin was represented by court-appointed counsel. After trial, the District Court produced written findings of fact and conclusions of law, ruling that Rockwell's actions were subjectively and objectively reasonable, particularly in light of the need to make split-second decisions during the confrontation with Conklin, who was unruly and out of control.

Conklin appeals. He claims that the evidence introduced at trial showed that Officer Rockwell acted maliciously, in violation of Conklin's Eighth Amendment rights. He also argues that he was denied his right to a fair trial because his court-appointed counsel made multiple errors, including refusing to call two witnesses to testify on Conklin's behalf, agreeing to a bench trial, and failing to prove that various defense witnesses committed perjury. We will affirm.

We have jurisdiction over Conklin's appeal pursuant to 28 U.S.C. § 1291. After a non-jury trial, we review a district court's finding of facts for clear error and exercise plenary review over its application of law to those facts. Trustees of the Nat'l Elevator Indus. Pension, Health Benefit and Educ. Funds v. Lutyk, 332 F.3d 188, 191 (3d Cir. 2003).

---

[1] Conklin also sued the prison's Superintendent and two other corrections officers, but his opening brief does not challenge the District Court's judgment in their favor. Accordingly, we will not address his claims against those Defendants here. See Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002). For the same reason, we will not address the District Court's other rulings that Conklin has not challenged in his brief.

We have reviewed the District Court's findings of fact and conclusions of law and conclude that the Court did not err in ruling that Rockwell did not violate Conklin's Eighth Amendment rights. The Eighth Amendment protects inmates from the "wanton and unnecessary infliction of pain." Whitley v. Albers, 475 U.S. 312, 320 (1986). When examining Eighth Amendment excessive force cases, courts generally afford prison officials "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-22 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979)). This includes "security measure[s] taken in response to an actual confrontation with riotous inmates." Whitley, 475 U.S. at 322.

"In an excessive force claim, the central question is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Whitley, 475 U.S. at 327). In weighing these issues, we look to the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, the extent of the threat to the safety of prison staff and inmates—as reasonably perceived by prison officials on the facts known to them, and any efforts made to temper the severity of a forceful response. Brooks, 204 F.3d at 106.

After hearing testimony from the corrections officers and Conklin, the District Court credited the officers' version of events. Conklin argues that the District Court erred in doing so because the officers testified inconsistently in certain respects. However, because credibility determinations are "quintessentially the province of the trial

court," we reject them only in "rare circumstances." Dardovitch v. Haltzman, 190 F.3d 125, 140 (3d Cir. 1999); see also Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am., 609 F.3d 143, 156-57 (3d Cir. 2010) ("To the extent that the District Court's conclusions rested on credibility determinations, our review is particularly deferential."). The minor inconsistencies that Conklin identifies—like which officer initially radioed for help when Conklin became irate and refused the officers' instructions—are not sufficient to cause us to set aside the District Court's credibility determination.

Accepting the corrections officers' testimony, the evidence before the District Court supported its conclusion that Rockwell applied force "in a good faith effort to maintain or restore discipline" and did not act "maliciously and sadistically for the very purpose of causing harm." One corrections officer testified that Conklin approached her, agitated, and demanded a grievance—he punctuated his demands by spitting, screaming, and using profanity. Officer Rockwell testified that, after Conklin refused the officers' instruction to return to his cell, and when the officers attempted to restrain him, Conklin struck one of the officers. Conklin was then tackled, but he continued to flail wildly, attempting to kick and spit on the officers. In an attempt to subdue Conklin, Rockwell wrapped Conklin in a headlock. After approximately one minute, as Conklin continued to kick and flail wildly, Rockwell administered two fist jabs and then de-escalated immediately, as Conklin halted his wild behavior. That evidence supports the District Court's finding that Rockwell applied the force in a good faith manner to subdue Conklin, not maliciously to hurt him. See Stenzel v. Ellis, 916 F.2d 423, 425, 427 (8th Cir. 1990). The record here likewise supports the District Court's conclusion that

4

Rockwell's conduct—administering two fist jabs to subdue Conklin who had struck another officer and was still flailing and kicking wildly—did not offend contemporary standards of decency.  See id.

We also reject Conklin's argument that he is entitled to a new trial because his court-appointed counsel provided ineffective assistance.  A civil litigant, unlike a criminal defendant, does not have a constitutional right to effective assistance of counsel. Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980); see also Nelson v. Boeing Co., 446 F.3d 1118, 1119 (10th Cir. 2006) ("The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial.").  Thus, Conklin's dissatisfaction with counsel's performance is not grounds for a retrial.[2]

Accordingly, we will affirm the judgment of the District Court.[3]

---

[2] To the extent Conklin attempted to raise a freestanding claim regarding his right to a jury trial, his participation without objection in the bench trial waived his right to a jury trial.  In re City of Phila. Litig., 158 F.3d 723, 728 (3d Cir. 1998).

[3] On November 18, 2016, Conklin filed a letter and declaration in this Court.  In response, the Clerk ordered Rockwell to properly serve his response brief on Conklin, and Rockwell complied.  To the extent that Conklin requested any further relief in his letter and declaration, his request is denied.