NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 17-1985 & 17-1986

———————

UNITED STATES OF AMERICA

v.

LIONEL CANNON,
a/k/a Cannon

Lionel Cannon,
Appellant

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Nos. 2-14-cr-00213-001 &
2-15-cr-00038-001)
District Judge: Honorable Mark R. Hornak

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
January 22, 2018

Before: HARDIMAN, VANASKIE, and SHWARTZ, *Circuit Judges*.

(Opinion Filed:  February 13, 2018)

———————

OPINION*

———————

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Lionel Cannon appeals an order of the District Court denying his motion to suppress wiretap evidence of his participation in a drug-trafficking conspiracy. We will affirm.

I

This case arises out of an investigation into members of the Crips street gang in the Homewood neighborhood of Pittsburgh, Pennsylvania. In 2013, two confidential sources told authorities that a man named "Cecil Penex" or "Cecil Pentex" was selling large quantities of cocaine in Pittsburgh. A multi-agency Task Force subsequently began investigating the drug-trafficking activities of various Crips. Between December 2013 and March 2014, the Task Force sought and obtained three warrants to wiretap a variety of target telephones believed to be affiliated with the conspiracy. *See* 18 U.S.C. § 2518(3).

In May 2014, the Task Force obtained a fourth warrant (Wiretap C). Among other things, Wiretap C authorized the wiretap of Target Telephone 11 (TT11), which belonged to Cecil Pinnix. Wiretap C also identified Cannon as a "Target Subject and/or Interceptee" over TT11. App. 1435. In support of this classification, the affidavit referenced information provided by Confidential Source 8 (CS-8), who provided an address and phone number used by Cannon and stated that Cannon used a white Chevrolet Malibu to transport large quantities of cocaine from Cleveland, Ohio to Pittsburgh.

2

The following month, the Task Force obtained a fifth warrant (Wiretap D), which authorized the interception of Cannon's communications over two of his cell phones (TT14 and TT15). The affidavit averred that intercepted communications from TT11, pen-register and toll-record data, physical surveillance, and GPS data all corroborated the information previously provided by CS-8. In addition, CS-8 stated that Cannon mailed proceeds from drug-trafficking activity to a man in California named Jason Hunter, and provided authorities with what CS-8 claimed was Hunter's number. Pen-register data evidenced communications between Cannon and a number subscribed to Hunter, which the Task Force interpreted as further corroborating CS-8's statements. Finally, the Task Force obtained a sixth warrant (Wiretap E) for a third phone used by Cannon (TT16), supported in large part by communications intercepted under Wiretap D.

As a result of the investigation, Cannon was indicted for, among other things, conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841 and 846. Cannon moved to suppress all evidence obtained from Wiretaps C, D, and E, claiming the affidavits lacked probable cause and did not contain the required showing of necessity. *See* 18 U.S.C. § 2518(1)(c). Cannon also requested a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), arguing that the District Court should excise allegedly false statements from the affidavits. After oral argument and the submission of additional briefs, the U.S. District Court for the Western District of Pennsylvania denied Cannon's motion in all respects. Cannon entered a conditional guilty plea, reserving the right to appeal the District Court's order. This appeal followed.

## II[1]

On appeal, Cannon again contends that the affidavits lacked probable cause and the wiretaps were not necessary to the investigation. He does so, however, without telling us how or where the District Court's analysis went astray. Counsel has neither argued that specific factual findings were clearly erroneous nor addressed the merits and analysis of the District Court's opinion in any meaningful way. Instead, Cannon's brief reproduces almost verbatim what he filed in opposition to the Government's motion to dismiss. *Compare* Cannon Br. 38–51, *with* App. 977–91 (Wiretap D and E's probable cause); Cannon Br. 56–61, *with* App. 991–995 (affidavits' lack of necessity); Cannon Br. 33–36, *with* App. 971–74 (Wiretap C's probable cause and CS-8's reliability); *compare also* Cannon Br. 24–32, *with* App. 957–65 (legal standards for probable cause, including those governing a *Franks* hearing, the denial of which was not challenged on appeal); Cannon Br. 51–56, *with* App. 965–69 (legal standards governing necessity).

As a consequence, Cannon's 37-page argument nowhere cites the District Court decision and provides only two citations to the appendix. *See* Cannon Br. 24–61. Submitting a brief so devoid of record citations in support of legal arguments in such a fact-bound case is inconsistent with Rule 28(a)(8)(A) of the Federal Rules of Appellate Procedure, as well as Rule 28.3(c) of the Third Circuit's Local Appellate Rules.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. "We review the denial of a suppression motion for clear error as to the underlying facts, but exercise plenary review as to its legality in light of the court's properly found facts." *United States v. Agnew*, 407 F.3d 193, 196 (3d Cir. 2005).

This is not appropriate appellate advocacy. Counsel for appellants "must of necessity" identify in the record where the trial court erred in finding the facts or in applying the law to the facts. *Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 407 (3d Cir. 1980). This duty flows from the fact that we are not a court of first impression, and—especially where factual findings are involved—we do not write on a blank slate. Our task is to decide whether the findings already made by the District Court were clearly erroneous and whether it applied the correct legal standards. By simply reproducing his District Court brief, Cannon's counsel has failed to assist us in discharging our duty.

Nevertheless, we have performed an independent review of the record and the decision of the District Court. And that review has led us to conclude that the District Court did not err when it held that the affidavits were supported by probable cause and the wiretaps were necessary to the investigation. Accordingly, for the reasons set forth in the District Court's well-crafted opinion, we will affirm its order denying Cannon's motion to suppress.