NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2519
_____

DONNA DAVIS JAVITZ,
Appellant

v.

LUZERNE COUNTY;
ROBERT LAWTON, Individually;
DAVID PARSNIK, Individually
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-15-cv-02443)
District Judge: Honorable Robert D. Mariani
_____

Submitted Under Third Circuit LAR 34.1(a)
on September 8, 2023

Before: CHAGARES, *Chief Judge*, HARDIMAN and MONTGOMERY-REEVES,
*Circuit Judges*.

(Filed: September 11, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Donna Davis Javitz (Davis), an attorney representing herself, appeals two orders of the District Court upholding an adverse jury verdict. Davis raises a congeries of supposed errors. Finding none persuasive, we will affirm.

I

Davis worked as Director of Human Resources of Luzerne County for just fourteen months before she was fired. According to the County, Davis was fired because of her "conduct toward [county] unions, her refusal to follow through with hiring a Human Resources Business Partner . . ., her failure to initiate policies, procedures and initiatives as directed[,] and [her handling of] issues with the employment application for a candidate for an assistant public defender position." *Javitz v. Cnty of Luzerne*, 940 F.3d 858, 862 (3d Cir. 2019) (cleaned up).

Davis sued the County, the County Manager, and her supervisor, David Parsnik. She alleged she was fired in retaliation for reporting to Parsnik and the District Attorney that she believed she had been illegally recorded by a union representative from the American Federation of State, County and Municipal Employees (AFSCME).

After a four-day trial, the jury returned a verdict for Defendants and judgment was entered in their favor. Davis then fired her attorneys and proceeded pro se. She filed in the District Court the following post-trial motions under the Federal Rules of Civil Procedure: (1) a Rule 59(a) motion for a new trial; (2) a Rule 59(e) motion to alter or amend the judgment; and (3) a Rule 60(b)(6) motion for relief from the judgment. She later filed another motion to vacate the judgment. The District Court denied all the

motions. Davis appealed.

## II

The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. Davis made no arguments on appeal about her motions under Rule 59(e) or Rule 60(b)(6). So we do not address them. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 145 (3d Cir. 2017) (collecting cases affirming that issues not raised are generally forfeited). The only relief Davis seeks in her opening brief is to "reverse the [denial of the] motion to vacate and order a new trial." Davis Br. 51. We review the District Court's decisions on those motions for abuse of discretion. *See Jester v. Hutt*, 937 F.3d 233, 238 (3d Cir. 2019) (Rule 59 motion for a new trial); *In re Bressman*, 874 F.3d 142, 148 (3d Cir. 2017) (motion to vacate).

## III

### A

We begin with Davis's arguments about the order denying her motion for a new trial. She raises two claims involving testimony. First, she contends the District Court erred in striking part of her testimony asserting that someone altered notes from an AFSCME union meeting to make her look bad. Though she failed to object at trial when this testimony was stricken, the District Court excused that failure because Davis had claimed there was a "fundamental and highly prejudicial error[ ] resulting in a miscarriage of justice." App. 16 (citing *Wilson v. Vermont Castings, Inc.*, 170 F.3d 391, 395–96 (3d Cir. 1999)). Our review of the record leads us to agree with the District Court that there was no miscarriage of justice here. Even had the Court erred in striking the

3

testimony about someone altering the notes—which is not apparent—Davis's earlier denial of the incidents described in the notes was not stricken and remained part of the record. So it is "highly probable" that any error would not have affected the outcome of her case. *Goodman v. Pennsylvania Tpk. Comm'n*, 293 F.3d 655, 667 (3d Cir. 2002).

Davis also claims the Court erred when it allowed Shelby Watchilla, a human resources employee who worked under Davis, to testify remotely. Davis contends that: (1) the Court violated Rule 43(a) of the Federal Rules of Civil Procedure; (2) the Court failed to instruct the jury on character evidence; and (3) we should recognize a constitutional right to confront witnesses in civil cases. We will not consider these arguments because Davis forfeited them by not raising them in the District Court. *See Simko v. United States Steel Corp*, 992 F.3d 198, 205 (3d Cir. 2021).

B

Davis next alleges multiple errors involving her former lawyer, Mark Frost. According to Davis, the District Court committed structural error by not accommodating Frost's hearing defect and allowing him to sleep during trial. These arguments are nonstarters because the structural error doctrine applies only in a "very limited class" of criminal cases, *Greer v. United States*, 141 S. Ct. 2090, 2099 (2021), not in civil cases like this one.

In any event, the record belies Davis's argument. Frost told the Court about his hearing issues at the pretrial conference. The District Court responded by instructing Frost to disclose any necessary accommodations, and Frost thanked the Court for the offer. Yet Frost made no request for an accommodation during trial. Instead, he waited

4

for the Court Deputy to approach him to offer hearing assistance on the third day of trial. So the District Court did not err relative to Frost's hearing.

Davis's related argument that Frost provided ineffective assistance of counsel fares no better. This is a civil case, so the constitutional right to effective assistance of counsel does not apply. *See Kushner v. Winterthur Swiss Ins. Co*., 620 F.2d 404, 408 (3d Cir. 1980) ("The remedy in a civil case, in which chosen counsel is negligent, is an action for malpractice," not a retrial).

C

Davis's last four arguments involve statements and actions by opposing counsel, Mark Bufalino. Considering the arguments individually or as a whole, the record shows that the District Court did not abuse its discretion by holding that Bufalino's actions did not justify granting Davis a new trial. *See Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 207 (3d Cir. 1992).

It's true that Bufalino objected often. But many of his objections were well-founded. *See generally* App. 31 n.3. Even had they not been, the District Court prevented any prejudice by instructing the jury that it should not be influenced by the fact of objections.

Nor were Bufalino's opening and closing statements improper. Bufalino simply summarized the evidence presented at trial. And the District Court properly instructed the jury that statements by counsel were not evidence.

The renewed claim that Bufalino improperly ridiculed Davis was forfeited in the District Court because Davis raised it only in her reply brief in support of her first post-

5

trial motion.

Finally, Bufalino's questions about Davis's 2019 wage information do not require a new trial. The information was referenced briefly in the context of identifying what an expert reviewed in preparing testimony. Such a cursory mention was not prejudicial.

In sum, none of Bufalino's alleged errors warrants a new trial. Nor do any of the other alleged errors. And Davis's last-ditch argument that we apply the cumulative error doctrine fails because we have not applied that doctrine in civil suits. *Twp. of Bordentown, New Jersey v. FERC*, 903 F.3d 234, 266 (3d Cir. 2018).

IV

Davis also appeals the Court's order denying her motion to vacate the judgment. She argues that Defendants' attorneys manufactured evidence with the intent to deceive the Court by settling Watchilla's unrelated defamation suit against the County in exchange for her testimony against Davis. At trial, Watchilla testified that Davis created a toxic work environment.

But Davis presented no evidence that Watchilla and the County agreed to settle the defamation litigation before Watchilla testified in Davis's case. Discussions about settlement of Watchilla's lawsuit did not occur until after final judgment was entered against Davis here. Moreover, Watchilla's testimony that Davis created a "toxic" work environment resembled her deposition testimony that the environment was "uncomfortable." Besides, her deposition took place nearly four years before the incidents that gave rise to her defamation case against the County. The District Court did not abuse its discretion when it denied Davis's motion to vacate the judgment.

6

\*　　\*　　\*

For the reasons stated, we will affirm the District Court's orders.